# EXHIBIT L

```
AVS0351                                              CV 2005 000068.00

                                        JUDGE: HON. BURT SMITHART

                        ALABAMA JUDICIAL DATA CENTER
                          CASE ACTION SUMMARY
                             CIRCUIT CIVIL

   IN THE CIRCUIT COURT OF BULLOCK         COUNTY

     BARBARA D GRAHAM VS WYETH DBA WYETH, INC; WYETH PHARMACEUTICALSL, ET A
   FILED: 06/03/2005 TYPE: PRODUCTS LIABILITY   TYPE TRIAL: JURY        TRACK:

*******************************************************************************
   DATE1:              CA:                    CA DATE:
   DATE2:              AMT:        $.00 PAYMENT:
   DATE3:
*******************************************************************************
   PLAINTIFF   001: GRAHAM BARBARA D
                                        ATTORNEY: PRICKETT MELISSA A
                                        PRI068      P.O. BOX 4160
                     , AL  00000-0000
                     PHONE: (334)000-0000           MONTGOMERY, AL  36103
   ENTERED:  06/03/2005 ISSUED:              TYPE:           (334)495-1257
   SERVED:            ANSWERED:                 JUDGEMENT:
-------------------------------------------------------------------------------
   DEFENDANT  001: WYETH DBA WYETH, INC
                   C/O THE PRENTICE-HALL COR  ATTORNEY:
                   2711 CENTERVILLE RD, STE
                   WILMINGTON, DE  19808-0000
                   PHONE: (334)000-0000
   ENTERED:  06/03/2005 ISSUED: 06/03/2005 TYPE:    CERTIFIED
   SERVED:  6/9/05    ANSWERED:                 JUDGEMENT:
-------------------------------------------------------------------------------
   DEFENDANT  002: WYETH PHARMACEUTICALS, INC
                   C/O THE PRENTICE-HALL COR  ATTORNEY:
                   80 STATE STREET
                   ALBANY, NY  12207-0000
                   PHONE: (334)000-0000
   ENTERED:  06/03/2005 ISSUED: 06/03/2005 TYPE:    CERTIFIED
   SERVED:  6-9-0 5   ANSWERED:                 JUDGEMENT:
-------------------------------------------------------------------------------
   DEFENDANT  003: QUALITEST PHARMACEUTICALS, INC
                   C/O WILLIAM S PROPST, SR.  ATTORNEY:
                   130 VINTAGE DR NORTHEAST
                   HUNTSVILLE, AL  35011-0000
                   PHONE: (334)000-0000
   ENTERED:  06/03/2005 ISSUED: 06/03/2005 TYPE:    CERTIFIED
   SERVED:  6-14-05   ANSWERED:                 JUDGEMENT:
-------------------------------------------------------------------------------
   DEFENDANT  004: BLOUNT BILL
                   C/O WYETH DBA WYETH , INC  ATTORNEY:
                   FIVE GIRALDA FARMS
                   MADISON, NJ  07940-0000
                   PHONE: (334)000-0000
   ENTERED:  06/03/2005 ISSUED: 06/03/2005 TYPE:    CERTIFIED
   SERVED:  06/9/05   ANSWERED:                 JUDGEMENT:
-------------------------------------------------------------------------------
   DEFENDANT  005: WILLIAMS WALTER, III
                   C/O WYETH DBA WYETH , INC  ATTORNEY:
                   FIVE GIRALDA FARMS
                   MADISON, NJ  07940-0000
                   PHONE: (334)000-0000
   ENTERED:  06/03/2005 ISSUED: 06/03/2005 TYPE:    CERTIFIED
   SERVED:  6-9-05    ANSWERED:                 JUDGEMENT:
-------------------------------------------------------------------------------
   DEFENDANT  006: ANDREWS JENNIFER
                   C/O WYETH DBA WYETH , INC  ATTORNEY:
                   FIVE GIRALDA FARMS
                   MADISON, NJ  07940-0000
                   PHONE: (334)000-0000
   ENTERED:  06/03/2005 ISSUED: 06/03/2005 TYPE:    CERTIFIED
   SERVED:  6/14/05   ANSWERED:                 JUDGEMENT:
-------------------------------------------------------------------------------
CEC   06/03/2005                                     CV 2005 000068.00
```

```
AVS0351                                              CV 2005 000068.00

                                        JUDGE: HON. BURT SMITHART

                        ALABAMA JUDICIAL DATA CENTER
                          CASE ACTION SUMMARY
                            CIRCUIT CIVIL

    IN THE CIRCUIT  COURT OF  BULLOCK        COUNTY

    BARBARA D GRAHAM VS WYETH DBA WYETH, INC; WYETH PHARMACEUTICALSL, ET A
    FILED:  06/03/2005 TYPE: PRODUCTS LIABILITY   TYPE TRIAL: JURY      TRACK:
*************************************************************************
    DATE1:            CA:               CA DATE:
    DATE2:            AMT:      $.00  PAYMENT:
    DATE3:
*************************************************************************
    DEFENDANT   007: PAYNE CHARLES H
                     C/O DONALD R JONES, JR     ATTORNEY:
                     2000 INTERSTATE PK DR, ST
                     MONTGOMERY, AL  36109-0000
                     PHONE: (334)000-0000
    ENTERED:  06/03/2005 ISSUED:  06/03/2005 TYPE:    CERTIFIED
    SERVED:   6-8-05  ANSWERED:              JUDGEMENT:
    DEFENDANT   008: RICHARDS BILL
                     C/O WYETH DBA WYETH , INC  ATTORNEY:
                     FIVE GIRALDA FARMS
                     MADISON, NJ  07940-0000
                     PHONE: (334)000-0000
    ENTERED:  06/03/2005 ISSUED:  06/03/2005 TYPE:    CERTIFIED
    SERVED:   6/9/05  ANSWERED:              JUDGEMENT:
```

| | |
|---|---|
| 6/3/05 | Summons & Complaint With Plaintiff's First Set of Interrogatories And Request for Production of Documents to Defs.; Plaintiff First Request for Production of Documents And Other things...; Notice of Deposition filed Forwarded by C. M. |
| 6/9/05 | RR Served on Def. #7 by Authorized Agent on 6-8-05 |
| 6/9/05 | (5) RR Served On Defs #4, 6, +8 by Authorized Person |
| 6/14/05 | RR Received in Office Served On Def #6 by Authorized Person |
| 6/14/05 | RR Def.# 3 Served by Authorized Person |

```
CEC    06/03/2005                                    CV 2005 000068.00
```

AVS0352

CASE: CV 2005 000068.00
JUDGE: HON. BURT SMITHART

```
|----------------------------------------------------------------------|
|                   ALABAMA JUDICIAL DATA CENTER                       |
|                 CASE ACTION SUMMARY CONTINUATION                     |
|                         CIRCUIT CIVIL                                |
|----------------------------------------------------------------------|
|  IN THE CIRCUIT  COURT OF  BULLOCK       COUNTY                     |
|                                                                      |
|    BARBARA D GRAHAM VS WYETH DBA WYETH, INC; WYETH PHARMACEUTICALSL, ET A
|  FILED:  06/03/2005 TYPE:  PRODUCTS LIABILITY   TYPE TRIAL:  JURY    TRACK:
|**********************************************************************|
|  DATE1:          CA:                     CA DATE:                    |
|  DATE2:          AMT:          $.00  PAYMENT:                        |
|**********************************************************************|
```

CEC    06/03/2005

ALABAMA JUDICIAL DATA CENTER
COURT PAYMENT SYSTEM

BULLOCK COUNTY                              RECEIPT NUMBER: 014907
DATE OF RECEIPT: 06/03/2005   TIME: 15:59:16
RECEIPT FOR CASE: CV 2005 000068 00       BATCH: 2005075
RECEIVED FROM: PRICKETT MELISSA A

BARBARA D GRAHAM VS WYETH DBA WYETH, INC; WYETH PHARMACEUTICALS!, ET A

ACCOUNTS RECEIPTED:
        CV05                              $326.00
        JDMD                              $100.00

RECEIVED BY: CEC        CHECK AMOUNT       $426.00

```
AVS0353                    ALABAMA JUDICIAL DATA CENTER
                                  FEE SHEET
                              CIRCUIT CIVIL.          CASE:CV 2005 000068.00
```

| IN THE CIRCUIT COURT OF BULLOCK COUNTY JUDGE: HON. BURT SMITHART |
|---|

```
   BARBARA D GRAHAM VS WYETH DBA WYETH, INC; WYETH PHARMACEUTICALSL, ET A
   PATTY:PRICKETT MELISSA A              DATTY:
        P.O. BOX 4160

        MONTGOMERY, AL  36103
```

| CIVIL FEE SUMMARY | DATE | DATE | DATE | DATE | CONTINUATION | DATE | DATE | DATE | DATE |
|---|---|---|---|---|---|---|---|---|---|
| DOCKET FILING FEE | AMT | AMT | AMT | AMT | | AMT | AMT | AMT | AMT |
| SM(<)      $62.00 | | | | | OTHER SERVICES | | | | |
| SM(>)     $136.00 | | | | | COMMISSION ON SALE | | | | |
| DIST      $227.00 | | | | | JUDGEMENTS | | | | |
| CIRC      $226.00 | | | | | POST JUDGEMENT FEE | | | | |
| JU/CS     $119.00 | | | | | ATTACHMENTS | | | | |
| LAW LIBRARY TAX  $2.00 | | | | | GARNISHMENTS | | | | |
| JURY DEMAND | | | | | EXECUTION | | | | |
| SERVICE FEES | | | | | APPEAL COSTS | | | | |
| EACH DEF OVER | | | | | LOWER COURT COSTS | | | | |
| | | | | | OTHER | | | | |
| CERT MAIL | | | | | COURT ADM FUND | | | | |
| SUBPOENA EACH | | | | | FAMILY COURT | | | | |
| ABND VEH   $37.00 | | | | | SHERIFF'S FEE | | | | |
| WORKERS | | | | | | | | | |
| COMP      $174.00 | | | | | TOTAL COSTS | | | | |

| CASH RECEIPTS/FROM | DATE RECEIVED | RECEIPT NUMBER | AMOUNT RECEIVED | GARNISHEE |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| DISBURSEMENTS PAID TO | DATE PAID | CHECK NO | AMOUNT PAID |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

```
CEC    06/03/2005
```

| State of Alabama Unified Judicial System | **C VER SHEET** **CIRCUIT COURT - CIVIL CASE** (Not For Domestic Relations Cases) | Case No. C V 2 0 0 5 6 8 . |
|---|---|---|
| Form ARCivP-93   Rev. 5/99 | | Date of Filing:  0 6  0 3  2 0 0 5    Judge Code: Month  Day  Year |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF ___Bullock County___, **ALABAMA**
*(Name of County)*

___Barbara D. Graham___ v. ___Wyeth, Inc., et al.___
**Plaintiff**  **Defendant**

**First Plaintiff**  ☐ Business  ☒ Individual   **First Defendant**  ☒ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☒ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PROPERTY INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellanous Circuit Civil Case

**ORIGIN** *(check one):*  F ☒ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER: _____
R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☒ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☒ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE: P R I 0 6 8  ___6/3/05___  Date  _Melin Prichett_ Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES  ☒ NO  ☐ UNDECIDED



**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature
X ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

2. Article Number
7160 3901 9844 4934 5506

3. Service Type  CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee) ☐ Yes

1. Article Addressed to:

Wyeth Pharmaceuticals, Inc.
c/o The Prentice-Hall Corporation System, Inc.
80 State Street
Albany, NY 12207

CV-05-68

PS Form 3811, July 2001      Domestic Return Receipt

---

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery
6-14-05

C. Signature
X /Keith S. Propst/ ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

2. Article Number
7160 3901 9844 4934 5483

3. Service Type  CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee) ☐ Yes

1. Article Addressed to:

Qualitest Pharmaceuticals, Inc.
c/o William S. Propst, Sr.
130 Vintage Drive Northeast
Huntsville, AL  35811

CV-05-68

PS Form 3811, July 2001      Domestic Return Receipt

---

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | Date of Delivery

C. Signature
X ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

JUN 0 9 2005
USPS - 19808

2. Article Number
7160 3901 9844 4934 5490

3. Service Type  CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee) ☐ Yes

1. Article Addressed to:

Wyeth dba Wyeth, Inc.
c/o The Prentice-Hall Corporation System, Inc.
2711 Centerville Road, Ste. 400
Wilmington, DE  19808

CV-05-68

PS Form 3811, July 2001      Domestic Return Receipt

---

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | Date of Delivery

C. Signature
X ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

2. Article Number
7160 3901 9844 4936 0776

3. Service Type  CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee) ☐ Yes

1. Article Addressed to:

Jennifer Andrews
c/o Wyeth dba Wyeth, Inc.
Five Giralda Farms
Madison, NJ  07940

CV-05-68

PS Form 3811, July 2001      Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

Wilbert M. Jernigan, Clerk
Circuit Court, Bullock County, Alabama
Post Office Box 230
Union Springs, AL  36089

*Barbara D. Graham v. Wyeth, et al.*

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

Wilbert M. Jernigan, Clerk
Circuit Court, Bullock County, Alabama
Post Office Box 230
Union Springs, AL  36089

*Barbara D. Graham v. Wyeth, et al.*

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

Wilbert M. Jernigan, Clerk
Circuit Court, Bullock County, Alabama
Post Office Box 230
Union Springs, AL  36089

*Barbara D. Graham v. Wyeth, et al.*

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

Wilbert M. Jernigan, Clerk
Circuit Court, Bullock County, Alabama
Post Office Box 230
Union Springs, AL  36089

*Barbara D. Graham v. Wyeth, et al.*

HUNTSVILLE AL
PM
358



UNITED STATES POSTAL SERVICE

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

Wilbert M. Jernigan, Clerk
Circuit Court, Bullock County, Alabama
Post Office Box 230
Union Springs, AL 36089

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Barbara D. Graham v. Wyeth, et al.

---

UNITED STATES POSTAL SERVICE

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

Wilbert M. Jernigan, Clerk
Circuit Court, Bullock County, Alabama
Post Office Box 230
Union Springs, AL 36089

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Barbara D. Graham v. Wyeth, et al.

---

UNITED STATES POSTAL SERVICE

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

Wilbert M. Jernigan, Clerk
Circuit Court, Bullock County, Alabama
Post Office Box 230
Union Springs, AL 36089

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Barbara D. Graham v. Wyeth, et al.

---

UNITED STATES POSTAL SERVICE

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

Wilbert M. Jernigan, Clerk
Circuit Court, Bullock County, Alabama
Post Office Box 230
Union Springs, AL 36089

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Barbara D. Graham v. Wyeth, et al.

## IN THE CIRCUIT COURT OF
## BULLOCK COUNTY, ALABAMA

| | | |
|---|---|---|
| **BARBARA D. GRAHAM,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | CASE NO. *CN-05-68* |
| | * | |
| **Wyeth, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

### NOTICE OF DEPOSITION

Please take notice that at a mutually agreed upon time, Plaintiff will take the deposition of Jennifer Andrews at the law offices of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., 218 Commerce Street, Montgomery, Alabama  36104. The deposition will be taken for use for all purposes pursuant to the Alabama Rules of Civil Procedure and will continue from day to day until completed.  Plaintiff will provide the court reporter. You are invited to attend and cross-examine the witness.

Deponent is requested to bring with her and testify as to those items listed on Exhibit "A."

Jere L. Beasley
Andy D. Birchfield, Jr.
Ted G. Meadows
Melissa A. Prickett
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL  36103-4160
(334) 269-2343

1

Myron C. Penn
PENN & SEABORN
Post Office Box 688
Clayton, Alabama 36016

## **CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the foregoing document with the Circuit Court along with the Summons and Complaint on this the 3rd day of June, 2005.

                                                    OF COUNSEL

2

## EXHIBIT A

The witness shall be required to bring with him to the deposition the following:

1.    Any and all documents and tangible things relating to the witnesses' employment and/or agency with Defendants Wyeth d/b/a Wyeth, Inc. and Wyeth Pharmaceuticals, Inc., including but not limited to:

       1.    Contract(s) of employment and all other documents that may describe the terms and conditions of the witness' work for Defendants in the representation, detailing, and/or sales of hormone therapy products, including but not limited to the manner in which the witnesses' compensation was calculated.

       2.    All training materials and product information received from Defendants relating to hormone therapy products, including, but not limited to, any seminar or product launch materials.

       3.    All visual aids, "toolbox" materials, production information handouts received from Defendants relating to the hormone therapy products and the presentations intended for physicians.

       4.    All correspondence received from Defendants relating in any manner to hormone therapy products, including copies or print-outs of any/all e-mail transmissions and their attachments.

       5.    Records of all communications received by the witness from any physician or other healthcare provider regarding hormone therapy products, including but not limited to notes and memoranda of telephone conversations, e-mail inquiries and responses, written correspondence, etc.

       6.    Records of all communications made by the witness to any physician or other healthcare provider regarding hormone therapy products, including but not limited to notes and memoranda of telephone conversations, e-mail inquiries and responses, written correspondence, etc.

       7.    All records, including diaries, appointment calendars, expense records or the like, that will show the calls made upon physicians or other health care providers by the witness to detail or otherwise represent hormone therapy products to the physician or other healthcare provider.

       8.    All materials received by the witness from Defendants or any other source relating to the four label changes to hormone therapy products.

3

9.    Copies of all call records, activity reports, expense reports, sales records, order or canceled orders for hormone therapy related materials, including but not limited to samples, product information, patient information packets.

10.    All documents, videos, tapes, e-mails or any information in witnesses' possession pertaining to hormone therapy products.

**IN THE CIRCUIT COURT OF**
**BULLOCK COUNTY, ALABAMA**

| | |
|---|---|
| **BARBARA D. GRAHAM,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | * CASE NO. _CV-05-68_ |
| | * |
| **Wyeth, et al.,** | * |
| | * |
| **Defendants.** | * |

## NOTICE OF DEPOSITION

Please take notice that at a mutually agreed upon time, Plaintiff will take the deposition of Walter Williams, III at the law offices of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., 218 Commerce Street, Montgomery, Alabama 36104. The deposition will be taken for use for all purposes pursuant to the Alabama Rules of Civil Procedure and will continue from day to day until completed.   Plaintiff will provide the court reporter.  You are invited to attend and cross-examine the witness.

Deponent is requested to bring with him and testify as to those items listed on Exhibit "A."

Jere L. Beasley
Andy D. Birchfield, Jr.
Ted G. Meadows
Melissa A. Prickett
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

1

Myron C. Penn
PENN & SEABORN
Post Office Box 688
Clayton, Alabama 36016

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document with the Circuit Court along with the Summons and Complaint on this the 3rd day of June, 2005.

_____
OF COUNSEL

2

## EXHIBIT A

The witness shall be required to bring with him to the deposition the following:

1.      Any and all documents and tangible things relating to the witnesses' employment and/or agency with Defendants Wyeth d/b/a Wyeth, Inc. and Wyeth Pharmaceuticals, Inc., including but not limited to:

1.      Contract(s) of employment and all other documents that may describe the terms and conditions of the witness' work for Defendants in the representation, detailing, and/or sales of hormone therapy products, including but not limited to the manner in which the witnesses' compensation was calculated.

2.      All training materials and product information received from Defendants relating to hormone therapy products, including, but not limited to, any seminar or product launch materials.

3.      All visual aids, "toolbox" materials, production information handouts received from Defendants relating to the hormone therapy products and the presentations intended for physicians.

4.      All correspondence received from Defendants relating in any manner to hormone therapy products, including copies or print-outs of any/all e-mail transmissions and their attachments.

5.      Records of all communications received by the witness from any physician or other healthcare provider regarding hormone therapy products, including but not limited to notes and memoranda of telephone conversations, e-mail inquiries and responses, written correspondence, etc.

6.      Records of all communications made by the witness to any physician or other healthcare provider regarding hormone therapy products, including but not limited to notes and memoranda of telephone conversations, e-mail inquiries and responses, written correspondence, etc.

7.      All records, including diaries, appointment calendars, expense records or the like, that will show the calls made upon physicians or other health care providers by the witness to detail or otherwise represent hormone therapy products to the physician or other healthcare provider.

8.      All materials received by the witness from Defendants or any other source relating to the four label changes to hormone therapy products.

3

9.    Copies of all call records, activity reports, expense reports, sales records, order or canceled orders for hormone therapy related materials, including but not limited to samples, product information, patient information packets.

10.    All documents, videos, tapes, e-mails or any information in witnesses' possession pertaining to hormone therapy products.

## IN THE CIRCUIT COURT OF
## BULLOCK COUNTY, ALABAMA

BARBARA D. GRAHAM,                  *
                                    *
     Plaintiff,                  *
                                    *
v.                                  *    CASE NO. _CV-05-68_
                                    *
Wyeth, et al.,                      *
                                    *
     Defendants.                 *

### NOTICE OF DEPOSITION

Please take notice that at a mutually agreed upon time, Plaintiff will take the deposition of Bill Blount at the law offices of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., 218 Commerce Street, Montgomery, Alabama 36104. The deposition will be taken for use for all purposes pursuant to the Alabama Rules of Civil Procedure and will continue from day to day until completed. Plaintiff will provide the court reporter. You are invited to attend and cross-examine the witness.

Deponent is requested to bring with him and testify as to those items listed on Exhibit "A."

                         _Melissa Prickett_
                         Jere L. Beasley
                         Andy D. Birchfield, Jr.
                         Ted G. Meadows
                         Melissa A. Prickett
                         Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

1

Myron C. Penn
PENN & SEABORN
Post Office Box 688
Clayton, Alabama 36016

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document with the Circuit Court along with the Summons and Complaint on this the 3rd day of June, 2005.

_____
OF COUNSEL

## EXHIBIT A

The witness shall be required to bring with him to the deposition the following:

1.       Any and all documents and tangible things relating to the witnesses' employment and/or agency with Defendants Wyeth d/b/a Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. (hereinafter referred to as the "Wyeth Defendants"), including but not limited to:

      1.       Contract(s) of employment and all other documents that may describe the terms and conditions of the witness' work for the Wyeth Defendants in the representation, detailing, and/or sales of hormone therapy drugs, including but not limited to the manner in which the witnesses' compensation was calculated.

      2.       Any and all training materials and product information received from the Wyeth Defendants relating to hormone therapy drugs.

      3.       Any and all visual aids, materials, production information handouts received from the Wyeth Defendants relating to the hormone therapy drugs and the presentations intended for physicians.

      4.       All correspondence sent to or received from the Wyeth Defendants relating in any manner to hormone therapy drugs, including copies or print-outs of any/all e-mail transmissions and their attachments.

      5.       Records of all communications received by the witness from any physician or other healthcare provider regarding hormone therapy drugs, including but not limited to notes and memoranda of telephone conversations, e-mail inquiries and responses, written correspondence, etc.

      6.       Records of all communications made by the witness to any physician or other healthcare provider regarding hormone therapy drugs, including but not limited to notes and memoranda of telephone conversations, e-mail inquiries and responses, written correspondence, etc.

      7.       All records, including diaries, appointment calendars, expense records or the like, that will show the calls made upon physicians or other health care providers by the witness to detail or otherwise represent hormone therapy drugs to the physician or other healthcare provider.

      8.       All materials received by the witness from the Wyeth Defendants or any other source relating to any label changes to hormone therapy drugs.

      9.       Copies of all call records, activity reports, expense reports, sales records, order or canceled orders for hormone therapy related materials, including

but not limited to samples, product information, patient information packets.

10.   All documents, videos, tapes, e-mails or any information in witnesses' possession pertaining to hormone therapy drugs.

**IN THE CIRCUIT COURT OF**
**BULLOCK COUNTY, ALABAMA**

| | |
|---|---|
| **BARBARA D. GRAHAM,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | * CASE NO. *CV-05-68* |
| | * |
| **Wyeth, et al.,** | * |
| | * |
| **Defendants.** | * |

## NOTICE OF DEPOSITION

Please take notice that at a mutually agreed upon time, Plaintiff will take the deposition of Bill Richards at the law offices of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., 218 Commerce Street, Montgomery, Alabama 36104. The deposition will be taken for use for all purposes pursuant to the Alabama Rules of Civil Procedure and will continue from day to day until completed. Plaintiff will provide the court reporter. You are invited to attend and cross-examine the witness.

Deponent is requested to bring with him and testify as to those items listed on Exhibit "A."

Jere L. Beasley
Andy D. Birchfield, Jr.
Ted G. Meadows
Melissa A. Prickett
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

1

Myron C. Penn
PENN & SEABORN
Post Office Box 688
Clayton, Alabama 36016

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document with the Circuit
Court along with the Summons and Complaint on this the 3rd day of June, 2005.

_____
OF COUNSEL

2

## EXHIBIT A

The witness shall be required to bring with him to the deposition the following:

1.      Any and all documents and tangible things relating to the witnesses' employment and/or agency with Defendants Wyeth d/b/a Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. (hereinafter referred to as the "Wyeth Defendants"), including but not limited to:

       1.      Contract(s) of employment and all other documents that may describe the terms and conditions of the witness' work for the Wyeth Defendants in the representation, detailing, and/or sales of hormone therapy drugs, including but not limited to the manner in which the witnesses' compensation was calculated.

       2.      Any and all training materials and product information received from the Wyeth Defendants relating to hormone therapy drugs.

       3.      Any and all visual aids, materials, production information handouts received from the Wyeth Defendants relating to the hormone therapy drugs and the presentations intended for physicians.

       4.      All correspondence sent to or received from the Wyeth Defendants relating in any manner to hormone therapy drugs, including copies or print-outs of any/all e-mail transmissions and their attachments.

       5.      Records of all communications received by the witness from any physician or other healthcare provider regarding hormone therapy drugs, including but not limited to notes and memoranda of telephone conversations, e-mail inquiries and responses, written correspondence, etc.

       6.      Records of all communications made by the witness to any physician or other healthcare provider regarding hormone therapy drugs, including but not limited to notes and memoranda of telephone conversations, e-mail inquiries and responses, written correspondence, etc.

       7.      All records, including diaries, appointment calendars, expense records or the like, that will show the calls made upon physicians or other health care providers by the witness to detail or otherwise represent hormone therapy drugs to the physician or other healthcare provider.

       8.      All materials received by the witness from the Wyeth Defendants or any other source relating to any label changes to hormone therapy drugs.

       9.      Copies of all call records, activity reports, expense reports, sales records, order or canceled orders for hormone therapy related materials, including

but not limited to samples, product information, patient information packets.

10.  All documents, videos, tapes, e-mails or any information in witnesses' possession pertaining to hormone therapy drugs.

## IN THE CIRCUIT COURT OF
## BULLOCK COUNTY, ALABAMA

**BARBARA D. GRAHAM,**       *
                             *
    **Plaintiff,**           *
                             *
v.                           *   CASE NO. *CV-05-68*
                             *
**Wyeth, et al.,**           *
                             *
    **Defendants.**          *

### <u>NOTICE OF DEPOSITION</u>

Please take notice that at a mutually agreed upon time, Plaintiff will take the deposition of Charles Payne at the law offices of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., 218 Commerce Street, Montgomery, Alabama 36104. The deposition will be taken for use for all purposes pursuant to the Alabama Rules of Civil Procedure and will continue from day to day until completed. Plaintiff will provide the court reporter. You are invited to attend and cross-examine the witness.

Deponent is requested to bring with him and testify as to those items listed on Exhibit "A."

_Melissa Prickett_
Jere L. Beasley
Andy D. Birchfield, Jr.
Ted G. Meadows
Melissa A. Prickett
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

1

Myron C. Penn
PENN & SEABORN
Post Office Box 688
Clayton, Alabama 36016

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document with the Circuit Court along with the Summons and Complaint on this the 3rd day of June, 2005.

_Melissa Prichett_
OF COUNSEL

## EXHIBIT A

The witness shall be required to bring with him to the deposition the following:

1.     Any and all documents and tangible things relating to the witnesses' employment and/or agency with Defendants Wyeth d/b/a Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. (hereinafter referred to as the "Wyeth Defendants"), including but not limited to:

     1.     Contract(s) of employment and all other documents that may describe the terms and conditions of the witness' work for the Wyeth Defendants in the representation, detailing, and/or sales of hormone therapy drugs, including but not limited to the manner in which the witnesses' compensation was calculated.

     2.     Any and all training materials and product information received from the Wyeth Defendants relating to hormone therapy drugs.

     3.     Any and all visual aids, materials, production information handouts received from the Wyeth Defendants relating to the hormone therapy drugs and the presentations intended for physicians.

     4.     All correspondence sent to or received from the Wyeth Defendants relating in any manner to hormone therapy drugs, including copies or print-outs of any/all e-mail transmissions and their attachments.

     5.     Records of all communications received by the witness from any physician or other healthcare provider regarding hormone therapy drugs, including but not limited to notes and memoranda of telephone conversations, e-mail inquiries and responses, written correspondence, etc.

     6.     Records of all communications made by the witness to any physician or other healthcare provider regarding hormone therapy drugs, including but not limited to notes and memoranda of telephone conversations, e-mail inquiries and responses, written correspondence, etc.

     7.     All records, including diaries, appointment calendars, expense records or the like, that will show the calls made upon physicians or other health care providers by the witness to detail or otherwise represent hormone therapy drugs to the physician or other healthcare provider.

     8.     All materials received by the witness from the Wyeth Defendants or any other source relating to any label changes to hormone therapy drugs.

     9.     Copies of all call records, activity reports, expense reports, sales records, order or canceled orders for hormone therapy related materials, including

but not limited to samples, product information, patient information packets.

10.    All documents, videos, tapes, e-mails or any information in witnesses' possession pertaining to hormone therapy drugs.

# IN THE CIRCUIT COURT OF
## BULLOCK COUNTY, ALABAMA

| | |
|---|---|
| **BARBARA GRAHAM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) CASE NO. _CV-05-68_ |
| | ) |
| **WYETH d/b/a WYETH, INC. et al.** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND OTHER THINGS DIRECTED TO DEFENDANTS WYETH, INC. AND WYETH PHARMACEUTICALS, INC.

Pursuant to Rule 34 of the *Alabama Rules of Civil Procedure*, Plaintiff requests that Defendants Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. (hereinafter collectively referred to as "the Wyeth Defendants") produce each of the documents and other things, including writings, drawings, graphs, charts, photographs, electronically created data, and other compilations of data from which information can be obtained, set forth in the attached Schedule of Documents and Other Things. The documents and other things shall be produced for inspection and copying at the 234 Commerce Street, Montgomery, Alabama 36104 office of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., within forty-five (45) days after service of these requests, or at such other time as ordered by the Court.

### INSTRUCTIONS

1.      Each Request refers to documents in the custody, control, and possession of the Wyeth Defendants, or known to the Wyeth Defendants, as well as in the custody, control, and possession of or known to the Wyeth Defendants' counsel, representatives, agents, servants, investigators, and consultants, and unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators and consultants.

2.      If any requested document is unavailable, because it was lost or destroyed by the Wyeth Defendants or their agents, or for any other reason, the Wyeth Defendants shall, after fully identifying the document, state:
(a)      When and where it was destroyed, or why it is otherwise unavailable;
(b)      The name and address of each person who destroyed it;

(c)    The name and address of each person who directed, approved, or knew of its destruction; and,

(d)    The name and address of each person who has knowledge of such document.

3.    If there is a claim of privilege with respect to any document requested, the Wyeth Defendants shall:

(a)    Identify in its Answer each document for which a privilege is claimed;

(b)    A description of the document;

(c)    The date of the document;

(d)    The names of the addressees and addressors;

(e)    The identity and address of every person to whom a copy was given or communicated;

(f)    The general subject matter of the document;

(g)    A statement of the facts constituting the basis for any claim of privilege; and,

(h)    The specific basis on which the privilege is claimed.

4.    If you cannot produce documents for any other reason, respond to the extent possible, stating your reasons for your inability to respond in full.

5.    When producing documents, if maintained in an electronic format or presently in an electronic format, these shall be produced in electronic format. This includes producing documents that were provided to outside entities, outside persons or internally in electronic format. Electronic information should be produced commonly available PC format such as Microsoft Office Suite. If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained. For example, databases should be produced in either Microsoft Access format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft PowerPoint or comparable format. Because of variables which may exist in electronic production, we remain willing to and specifically request a "meet and confer" take place to work out the protocols and variables between those responsible for electronic production and a representative of the Plaintiff.

6.    These Requests shall be deemed continuing, to the full extent required or permitted under the Alabama Rules of Civil Procedure, so as to require supplementary production when the Wyeth Defendants obtain access, custody, possession or control of any document not previously produced, which is responsive to any of these Requests.

7.    The headings used herein are for guidance and clarity only, and should not be deemed to restrict the scope of any request.

8.    Unless otherwise set forth the relevant time is from the beginning of time until the present.

## DEFINITIONS

1.    "Defendant", "You" and "Your" refers to every corporation, person, or entity upon which plaintiffs serve these discovery requests, (including, but not limited to, every manufacturer, marketer, distributor or developer of Hormone Therapy Drugs, as defined below). "Defendant", "You" and "Your" includes every predecessor in interest of each such company,

each of its successors in interest, and every company affiliated with each such company by common ownership or control.

2.    The term, "Hormone Therapy Drugs," refers to conjugated equine estrogens, medroxyprogesterone acetate, or progestin. This term is used interchangeably with the term "Relevant Product."

3.    The term, "Wyeth Defendants," refers to Wyeth d/b/a Wyeth, Inc. (f/k/a American Home Products Corporation), and Wyeth Pharmaceuticals, Inc.

4.    As used throughout this Request for Production of Documents, the term "Document" or any similar term refers in the broadest possible sense meaning anything which may be considered to be a document and includes, without limitations, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereof.    This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings. Without limiting the generality of the foregoing, the term "Document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra office communication, questionnaires, surveys, charts, graph, photographs, recordings, tapes, back-up tapes, discs, data cells, printouts, all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in back-up or legacy data formats, wherever found or maintained, including all servers, hard drives, lap tops, and firewalls.

5.    The headings that precede the document requests are informational and are not to be deemed exclusive or limiting. Rather, the Wyeth Defendants shall reply in full to the specific substance of each and every Request.

## <u>SCHEDULE OF DOCUMENTS & OTHER THINGS TO BE PRODUCED</u>

1.    Produce the sales database reflecting all communications with Stuart May, M.D. (see prescription records of Dr. May attached), concerning Hormone Therapy Drugs.

2.    Produce all correspondence, notes, memoranda, letters, brochures, and any other documents between Wyeth Defendants (and their predecessors) and Stuart May, M.D., concerning Hormone Therapy Drugs.

3.    Produce the notes, minutes of meetings, memoranda, correspondence and any other document describing telephone and/or in-person meetings between the Wyeth Defendants (and their predecessors), Stuart May, M.D.

4.    Produce any and all documents referencing payments made by the Wyeth Defendants (and their predecessors) to Stuart May, M.D. for his participation in Wyeth's Visiting Speakers' Bureau.

5.    Produce any and all documents referencing payments made by the Wyeth Defendants (and their predecessors) to Stuart May, M.D. as a consultant to the Wyeth Defendants (and their predecessors).

6.    All documents authored by, created by, edited by, received by, reviewed, read, copied on, or in the custodial files of Charles Payne. This request specifically includes, but is not limited to, all emails and electronic communications relating to Hormone Therapy Drugs as well as all documents returned by Charles Payne pursuant to any contract or settlement agreement with the Wyeth Defendants.

7.    The personnel file of Charles Payne.

8.    All documents authored by, created by, edited by, received by, reviewed, read, copied on, or in the custodial files of Bill Richards. This request specifically includes, but is not limited to, all emails and electronic communications relating to Hormone Therapy Drugs as well as all documents returned by Bill Richards pursuant to any contract with the Wyeth Defendants.

9.    The personnel file of Bill Richards.

10.    All documents authored by, created by, edited by, received by, reviewed, read, copied on, or in the custodial files of Walter Williams, III. This request specifically includes, but is not limited to, all emails and electronic communications relating to Hormone Therapy Drugs as well as all documents returned by Walter Williams, III pursuant to any contract with the Wyeth Defendants.

11.   The personnel file of Walter Williams, III.

12.   All documents authored by, created by, edited by, received by, reviewed, read, copied on, or in the custodial files of Bill Blount.  This request specifically includes, but is not limited to, all emails and electronic communications relating to Hormone Therapy Drugs as well as all documents returned by Bill Blount pursuant to any contract with the Wyeth Defendants.

13.   The personnel file of Bill Blount.

14.   All documents authored by, created by, edited by, received by, reviewed, read, copied on, or in the custodial files of Jennifer Andrews.  This request specifically includes, but is not limited to, all emails and electronic communications relating to Hormone Therapy Drugs as well as all documents returned by Jennifer Andrews pursuant to any contract with the Wyeth Defendants.

15.   The personnel file of Jennifer Andrews.

16.   All documents showing the relationship between this Defendant and any other Defendant.

*Melissa Prickett*

Andy D. Birchfield, Jr. (BIR006)
Ted G. Meadows (MEA014)
Melissa A. Prickett (PRI068)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36103-4160
Telephone:    (334) 269-2343
Facsimile:    (334) 954-7555

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing document with the Circuit Court along with the Summons and Complaint on this the 3rd day of June, 2005.

OF COUNSEL