# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **BARBARA D. GRAHAM;** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | * **CASE NO. 2:05-cv-624A** |
| | * |
| **WYETH d/b/a WYETH, INC.; WYETH** | * |
| **PHARMACEUTICALS, INC.; QUALITEST** | * |
| **PHARMACEUTICALS, INC.; BILL BLOUNT;** | * |
| **WALTER WILLIAMS, III; JENNIFER** | * |
| **ANDREWS; CHARLES H. PAYNE; BILL** | * |
| **RICHARDS, et al.,** | * |
| | * |
| **Defendants.** | * |

## PLAINTIFF'S MOTION TO REMAND

Plaintiff hereby moves the Court to remand this case to the Circuit Court of Bullock County, Alabama.  Federal subject matter jurisdiction is not present.

The citizenship of the parties to this action is not diverse as required by 28 U.S.C. § 1332. Plaintiff is a resident of Alabama. (Compl. ¶ 1.)  Defendant Qualitest Pharmaceuticals, Inc. is an Alabama corporation with its principal place of business in Alabama.  (Compl. ¶ 5.)  Defendants Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. are Delaware corporations with their principle place of business in New Jersey.  (Compl. ¶ 2.)  Defendants Charles H. Payne, Bill Richards, Walter Williams, III, Bill Blount, and Jennifer Andrews, all sales representatives of Wyeth Pharmaceuticals are all residents of Alabama.  (Compl. ¶¶ 7-10.)  Plaintiff asserts valid claims under Alabama law against each defendant.  Each party to this action is properly joined.

Because the court does not have subject matter jurisdiction, Plaintiff, respectfully urges the Court to grant her Motion to Remand this action to the Circuit Court of Bullock County, Alabama.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This product liability action arises from injuries Plaintiff suffered as a result of taking the prescription drugs Premarin, Prempro and Medroxyprogesterone Acetate ("MPA"). These drugs, commonly referred to as Hormone Replacement Therapy ("HRT"), are prescribed to treat menopausal symptoms.

Plaintiff was prescribed and used HRT from 1996 to approximately June 9, 2003. (Compl. ¶ 1.) As a direct result of taking HRT, Plaintiff suffered injuries, including breast cancer, physical pain and suffering, emotional distress and economic loss. (Compl. ¶¶ 1, 18.)

Defendants designed, manufactured, packaged, marketed, and distributed HRT, despite having information that these drugs cause serious, life-threatening side effects. (Compl. ¶¶ 2-10.) Defendants encouraged the use of HRT by women to whom it should not have been prescribed or administered. (Compl. ¶ 19.) In addition, Defendants misrepresented the effectiveness of HRT and concealed the possibility of serious side effects. (*Id.*) Defendants knew of the defective and unreasonably dangerous nature of HRT, yet continued to design, manufacture, and sell HRT so as to maximize gross sales and profits in conscious disregard of the foreseeable harm caused by HRT.

Moreover, though they were aware that HRT was unreasonably dangerous as designed, Defendants failed to adequately test HRT and failed to warn the public. Defendants also failed to provide Plaintiff with timely and adequate post-marketing warnings or instructions after becoming aware of the risk of injury from taking HRT drugs. (Compl. ¶¶ 97-100.)

Furthermore, Defendants failed to exercise ordinary care and were negligent in the manufacture, marketing, sale and testing of HRT drugs as they placed them into the stream of commerce. Despite knowledge that HRT drugs caused serious side effects, Defendants

2

continued to market HRT drugs to women, including Plaintiff, when there were safer alternative methods of treatment. (Compl. ¶¶ 103-106.)

In addition, Plaintiff asserts that Defendants breached express and implied warranties made in relation to HRT.  Both before Plaintiff was first prescribed HRT drugs and during the period during which she ingested the drugs, Defendants expressly warranted and represented that HRT drugs were safe (compl. ¶ 109), and impliedly warranted that HRT drugs were safe and fit for their intended, ordinary uses. (Compl. ¶ 113.)  Plaintiff reasonably relied on those representations and on Defendants' superior knowledge as to HRT drugs' safety and fitness for intended use.  (Compl. ¶ 114.)  Contrary to those warranties and representations, HRT drugs are not safe and can cause serious side effects, and accordingly are not fit for their intended, ordinary purpose.  (Compl. ¶ 115.)  At the time Defendants marketed, sold and distributed HRT drugs for use by Plaintiff, Defendants knew their representations about the safety of HRT drugs were false or made those representations with reckless disregard for their falsity.  (Compl. ¶¶ 118-119.) Defendants' wrongful acts or omissions were a contributing or proximate cause of Plaintiff's injuries.

On June 3, 2005, Plaintiff filed suit in the Circuit Court of Bullock County, Alabama. Plaintiff asserts various causes of action against Defendants, including product liability, negligence, breach of express warranty, breach of implied warranty, fraud and suppression.

On July 1, 2005, Defendants filed a Notice of Removal with this Court, pursuant to 28 U.S.C. §§ 1441(b) and 1446(b).  Plaintiff urges the Court to remand this action to state court in accordance with 28 U.S.C. § 1447(c).

**ARGUMENT**

It is well settled that federal courts are courts of limited jurisdiction and are "empowered to hear only cases within the judicial power of the United States as defined by Article III of the

Constitution," or authorized by Congress. *Univ. of So. Ala. v. The Amer. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

On a motion to remand, Defendants bear the burden of establishing federal subject matter jurisdiction. *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); see *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). All doubts about federal subject matter jurisdiction on removal should be resolved in favor of remand to state court. All questions of fact and controlling law should be resolved in favor of Plaintiff.

## I.      Diversity Jurisdiction Is Not Present

Defendants contend that diversity jurisdiction is present because Alabama defendants, Qualitest Pharmaceuticals, Charles H. Payne, Jennifer Andrews, Walter Williams, III, Bill Blount and Bill Richards, were fraudulently joined. In her Complaint, Plaintiff states valid state law claims against each resident Defendant.

The removing party bears the burden of proving that the joinder of the resident Defendant was fraudulent. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir. 1983). The burden is a heavy one. *Frontier Air Lines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1404 (D. Colo. 1989) (quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). The Eleventh Circuit has recognized three situations where joinder could be deemed fraudulent:

1.      There is no possibility that the plaintiff can prove a cause of action against any resident defendant;

2.      There is outright fraud in the plaintiff's pleading of jurisdictional facts; or

3.      Where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.

*Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Defendants do not argue that plaintiff fraudulently pled jurisdictional facts to bring the Alabama Defendants into state court. Defendants do not argue that Alabama Defendants have no

4

connections to this action.  Rather, Defendants' arguments, and this Court's inquiry, are limited to determining whether Plaintiff has a *possibility* of stating a valid cause of action against the Alabama Defendants under state law.  Defendants argue that joinder of Alabama Defendants is improper because there is no reasonable basis by which Plaintiff may establish or prove liability against the Alabama Defendants.  Defendants misstate the appropriate standard. To defeat an allegation of fraudulent joinder, Plaintiff need only prove a possibility of recovery:

> If there is even a possibility that a state court would find that the Complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court.  The plaintiff need not have a winning case against the allegedly fraudulent defendant; **he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.**

*Triggs*, 154 F.3d at 1287 (citations omitted).  <u>see</u> *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968).  In making this determination, this Court must evaluate all factual allegations in a light most favorable to Plaintiff, resolving all contested issues of substantive fact in Plaintiff's favor and resolving any uncertainties as to the current state of the controlling substantive law in Plaintiff's favor as well.  *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1536, 1561 (11th Cir. 1989).

Viewing the Complaint's allegations in a light most favorable to Plaintiff, Plaintiff has stated several valid claims against all Alabama Defendants.  Federal diversity jurisdiction is not present.

## II.    Plaintiff Has Stated Valid Product Liability (AEMLD) Claims Against Alabama Defendants

### A.    Qualitest Pharmaceuticals, Inc.

To establish a prima facie case under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), a plaintiff must demonstrate that:

    (1)      he suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if

          (a)      the seller is engaged in the business of selling such a product, and

          (b)      it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

    (2)      Showing these elements, the plaintiff has proved a prima facie case although

          (a)      the seller has exercised all possible care in the preparation and sale of his product, and

          (b)      the user or consumer has not bought the product from, or entered into any contractual relation with, the seller.

*E.g., Casrell v. Altec Industries, Inc.,* 335 So. 2d 128, 132-33 (Ala. 1976); *Atkins v. American Motors Corp.*, 335 So. 2d 134, 141 (Ala. 1976); <u>see also</u> *Judson v. Nissan Motor Co.*, 52 F.Supp.2d 1352, 1360 (M.D.Ala. 1999) (De Ment, J.).

      Defendants argue that Qualitest as a distributor of HRT drugs cannot be held liable under AEMLD.  Specifically, Defendants argue that Qualitest did nothing in relation to the drugs – provided no warnings, has no sales representatives, and did not open or inspect the drugs prior to distribution.  Defendants suggest that under such circumstances, the "closed container" defense precludes Qualitest from being held liable under AEMLD.  In support, Defendants cite *Allen v. Delchamps*, 624 So. 2d 1065, 1069 (Ala. 1993).  Defendants assert that Plaintiff can prove no causal relationship between Qualitest's conduct and Plaintiff's injuries.

      The Supreme Court of Alabama's decision in *Allen* is distinguishable on several grounds.  First, in *Allen,* the Supreme Court reviewed the trial court's decision granting summary judgment.  The Court reviewed the evidence submitted by the parties to determine whether there were issues of material fact to be presented to the jury.  Significant amounts of discovery had been taken in that case.  The issue here is whether Plaintiff alleges a claim against Qualitest from

which she may possibly recover damages, not whether disputed issues of material fact are present. Discovery has not been taken in this case. The Court must look to the allegations in the Complaint. Plaintiff without question has stated a valid AEMLD claim against Defendant Qualitest.

Second, in *Allen,* the plaintiff claimed that celery hearts that had been sold by Delchamps were defective under AEMLD. Delchamps asserted the "closed container" defense, originally established in *Kirkland v. Great Atlantic & Pacific Tea Co.,* 171 So. 2d 735 (1936). The Court found that the defense did not preclude liability against Delchamps because Delchamps inspected the produce for freshness and quality control. The closed container defense has only been applied in the context of prepackaged food; the defense has not been recognized in the context of defective drugs.

Third, even if the Court found that the closed container defense outlined in *Allen* is applicable, it does not bar a claim against Qualitest because Qualitest "opportunity to discover or to know of the defect is superior to that of the consumer." *Allen*, 624 So. 2d at 1069. Plaintiff has alleged that Qualitest, as well as all other Defendants, knew that HRT therapy was unreasonably dangerous and harmful, but continued their efforts to market the drugs to improper consumers in conscious disregard of the potential harm. (Compl. ¶ 19.) Defendants, including Qualitest, had superior knowledge to physicians and consumers that HRT drugs were defective.

Moreover, under AEMLD, all those who "are in the business of selling" an unreasonably dangerous product may be held liable for injuries caused by the defective product. *Casrell*, 335 So. 2d at 132. Plaintiff in her Complaint alleges that Qualitest sold HRT drugs, drugs that are unreasonably dangerous and that caused Plaintiff's injuries. (Compl. ¶ 5.) In his affidavit, William S. Propst, Sr., President of Qualitest Pharmaceuticals, Inc., testified that Qualitest distributed or sold HRT drugs. (William S. Propst Aff. ¶ 4.) There is no dispute that Defendant

Qualitest placed HRT drugs stream of commerce. Without question, Plaintiff has alleged a valid claim against Qualitest under AEMLD.

The United District Court for the Middle District of Alabama's decision in *Judson v. Nissan Motor Co.*, 52 F.Supp.2d 1352 (M.D. Ala. 1999), supports this argument. In *Judson*, Plaintiff alleged claims under AEMLD relating to a defective Nissan Pathfinder. In addition to Nissan, Plaintiff brought claims against Mitchell Nissan, the dealership that sold the vehicle to Plaintiff. *Judson*, 52 F.Supp.2d at 1352. Defendants argued in that case that Mitchell Nissan was fraudulently joined and asserted the defense of lack of causal connection. *Id.* at 1358. Defendants argued that Mitchell Nissan did not alter the product, did not contribute to the alleged defect, or inspect the condition of the vehicle. *Id.* In finding that Mitchell Nissan was not fraudulently joined, the Court noted that under *Casrell* that a seller may be held liable under AEMLD:

> [A] manufacturer, or supplier, or *seller*, who markets a product not reasonably safe when applied to its intended use in the usual and customary manner, (commits) negligence as a matter of law. . . In other words, the fault or negligence of the defendant is that he has conducted himself in a negligent manner by placing a product on the market causing personal injury or property damage, used to its intended purpose.

*Id.* at 1359 (quoting *Casrell*, 335 So. 2d at 132). The district court in *Judson* found that defendants failed to prove as matter of law the affirmative defense of lack of causal connection. *Id.* at 1362; see *Clay v. Brown & Williamson Tobacco Corp.*, 77 F.Supp.2d 1220, 1224 (M.D. Ala. 1999) (finding that a defendant distributor may be held liable under AEMLD where retailer received superior information to the public about the products defects). The same is true in this case; viewing the allegations in a light most favorable to Plaintiff, Defendants have failed to establish as a matter of law there is no possibility that Plaintiff can prove a cause of action under AEMLD against Qualitest.

Plaintiff also asserts other causes of action against Defendant Qualitest, including negligence, breach of warranty, fraud and suppression. The removing defendants do not take issue with any of these causes of action in their Notice of Removal.

Defendant Qualitest, as a seller of HRT drugs, is properly joined to this action. Federal diversity jurisdiction is not present.

### B.    Alabama Sales Representatives

Furthermore, Plaintiff states valid claims under AEMLD against the Alabama Sales Representatives – Bill Blount, Walter Williams, III, Jennifer Andrews, Charles H. Payne, and Bill Richards.

In her Complaint, Plaintiff alleges that the Alabama Sales Representatives marketed, sold, supplied and/or otherwise distributed HRT drugs (Compl. ¶¶ 7-10, 16-17.) Plaintiff alleges HRT drugs were defective and unreasonably dangerous as designed, were unreasonably dangerous due to inadequate testing, and were defective as marketed due to inadequate warnings or instructions. Moreover, Plaintiff alleges that Defendants failed to warn her of the dangers of HRT therapy. Also, Plaintiff alleges that Defendants failed to provide post-marketing warning after Plaintiff began to take the drugs. (Comp. ¶ 45.) Plaintiff further alleges that as a direct and proximate result of Defendants placing HRT drugs on the market and Plaintiff's ingestion of the drugs, Plaintiff suffered physical injury, including breast cancer. (Compl. at, ¶¶ 1, 18.) These allegations are sufficient to state a cause of action under AEMLD against all defendants, non-resident and resident alike.

Defendants incorrectly assert that Alabama Sales Representatives cannot be "sellers" within the meaning of the AEMLD and cannot be held individually liable. The Alabama Sales Representatives may properly be held liable for their participation in the marketing of HRT drugs. *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So. 2d 774, 775 (Ala.

1986).   Alabama Defendant Sales Representative marketed HRT drugs to physicians, including

Plaintiff's physician:  1) by "calling" on physicians (Compl. ¶ 16);  2) distributing samples that

were given to patients (Compl. ¶ 17); 3) conducting educational seminars (Compl. ¶ 24); and 4)

distributing  sales  literature  (Compl. ¶ 30.)    Defendants  in  communications  to  physicians

compared  the  efficacy  of  HRT  to  other  existing  menopausal  treatments,  sought  to  distinguish

HRT from other menopausal therapies already on the market, and worked to persuade physicians

to  prescribe  HRT  to  their  patients.    Alabama  Sales  Representatives  provided  physicians  with

HRT  product  information.   Throughout  these  activities,  Alabama  Defendants  worked  to  increase

sales of HRT.

        At  the  time  Plaintiff  was  prescribed  and  used  HRT,  Defendant  Bill  Richards  was  a

district  manager  of  Defendant  Wyeth.   As  such,  Defendant  Richards  advertised,  marketed  and/or

promoted  HRT,  fraudulently  suppressed  material  information  regarding  the  safety  and  efficacy

of  HRT,  misrepresented  the  safety  and  efficacy  of  HRT,  and  placed  HRT  in  the  stream  of

commerce.   Defendant  Jennifer  Andrews  asserted  in  her  affidavit  that  she  never  "detailed"  Dr.

May.   However,  Defendant  Wyeth's  own  database  of  call  notes  and  other  information  regarding

physician  visits  indicates  that  Defendant  Andrews  visited  Dr.  May's  office.    Plaintiff  also

anticipates  that  discovery  will  show  that  Defendant  Alabama  Managers'  and  Sales

Representatives'  knowledge  concerning  HRT  was  superior  to  the  knowledge  held  by  the

physicians  to  whom  they  made  sales  calls.   Plaintiff  also  anticipates  that  discovery  will  show  that

the  prescribing  physician,  Dr.  Stuart  May,  relied  on  information  provided  by  Defendants.

Defendant  Sales  Representatives  provided  to  physicians  incorrect,  misleading  or  incomplete

information  (such  as  inadequate  warnings  of  risks  of  harm  and  adverse  effects  from  the  use  of

HRT) – and  that  physicians  passed  this  erroneous  information  on  to  consumers.   Plaintiff  relied

on  such  information  through  the  representations  of  Dr.  May.   If  these  allegations  are  proven  to  be

true, which Plaintiff expects that they will be, a finding of individual liability under AEMLD against Alabama Sales Representatives and Managers would be consistent with the rule under Alabama law that "officers and <u>employees</u> of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity." *Ex parte Charles Bell Pontiac*, 496 So. 2d at 775 (citing *Candy H. v. Redemption Ranch, Inc.*, 563 F. Supp. 505, 513 (M.D. Ala. 1983)); <u>see</u> *Chandler v. Hunter*, 340 So. 2d 818, 822 (Ala. Civ. App. 1976).

In *Clay v. Brown & Williamson Tobacco Corp.*, 77 F.Supp.2d 1220, 1224 (M.D. Ala. 1999), plaintiff alleged that account managers for Brown & Williamson were liable under AEMLD for the distribution of cigarettes.  In that case, plaintiff alleged that the account managers actively serviced customer accounts, had superior knowledge to consumers of the addictiveness and dangers of tobacco, and actively participated in the sale of cigarettes. *Clay*, 77 F.Supp.2d at 1224.  The District Court followed the Court's decisions in *Seaborn v. R.J. Reynolds Tobacco Co.,* No. 9-T-1540, 1996 WL 943621 (M.D. Ala. December 30, 1996), and *Jenkins v. R. J. Reynolds Tobacco Co.*, 96-T-1489 (M.D. Ala. Dec. 30, 1996).  The Court found that the account executives were not fraudulently joined and that under AEMLD, claims against employees of a corporation who had participated in the distribution of a dangerous product are valid under AEMLD, regardless of whether the person was acting within his corporate capacity. *Clay,*  77 F.Supp.2d. at 1224.

In *Clay, Seaborn* and *Jenkins,* the defendant tobacco companies made the same argument that Defendants make here regarding the joinder of sales representatives.  Relying on the general principle that officers or employees of a corporation are liable for torts in which they have personally participated, the District Court found in all three cases that to the extent a manufacturer defendant allegedly violated AEMLD, "it acted through its employees; the

company does not employ ghosts." *Clay*, 77 F.Supp.2d at 1224; *Seaborn*, 1996 WL 943621, at *3 (both cite *Ex parte Charles Bell Pontiac*, 496 So. 2d at 775 in support). The District Court allowed plaintiffs to pursue the distributors and employee sales representatives individually -- even in the absence of any personal contact with the plaintiffs -- and to substitute new individual defendants in the event plaintiffs had named the wrong individuals at the outset. *Id.* In each case, the court rejected defendants' claim of fraudulent joinder and remanded the case to state court.

Other United States District Courts also have consistently rejected arguments that in-state defendant sales representatives are fraudulently joined in the context of an AEMLD action involving a defective drug. Judge Inge P. Johnson remanded the case of *Barry Pace, et al. v Parke-Davis*, No. 3:00-3046 (N.D. Ala. Nov. 21, 2000). Judge Robert Propst remanded the case of *Donald McCaffery v. Warner-Lambert Co*., et al., No. 4:00-2848 (N.D. Ala. Dec. 8, 2000); *Acton v. R.J. Reynolds Tobacco Co.*, No. 96-C-2737-W (N.D. Ala. Oct. 23, 1996).

Defendants who distribute dangerous products, as well as their employees, may be held liable under AEMLD. Plaintiff has stated valid claims against all Alabama Defendants under AEMLD.

### III. Plaintiff Has Alleged Valid Claims of Negligence and Breach of Warranty Claim Against Alabama Defendants

Defendants contend Plaintiff's claims for negligence and breach of warranty against Defendant Alabama Sales Representatives are not proper because they owed no duty to Plaintiff regarding HRT. On the contrary, Defendants had a duty to warn ultimate consumers of the potential dangers associated with the use of HRT.

Through their participation in the marketing of HRT to physicians, Defendant Alabama Sales Representatives *voluntarily assumed* a duty to Plaintiff because Plaintiff's reliance on such statements was reasonably foreseeable. *J.B. Bowden v. E. Ray Watson Co., Inc.*, 587 So. 2d 944,

946 (Ala. 1991); *King v. Natl. Spa & Pool Inst., Inc.*, 570 So. 2d 612, 614 (Ala. 1990). The absence of a direct relationship between Defendant Alabama Sales Representatives and Plaintiff does not bar a claim of negligence *or* a breach of warranty claim. *King*, 570 So. 2d at 616 (negligence); *Bishop v. Faroy Sales*, 336 So. 2d 1340, 1345 (Ala. 1976) (breach of warranty).

In numerous cases in which plaintiff asserted theories of negligence and/or breach of warranty in conjunction with or as alternatives to an AEMLD claim, the Supreme Court of Alabama has addressed the evidence supporting the jury's verdict or the submission of the case to the jury on each theory, separately and independently, *without* questioning whether such theories can be asserted against sales representatives. *Flagstar Enter., Inc. v. Davis*, 709 So. 2d 1132, 139 (Ala. 1997) (evidence sufficient to support negligence claim to jury).[1]  As these cases indicate, it is well settled under Alabama law that Plaintiff may maintain claims against Alabama Sales Representatives under AEMLD simultaneously with claims for negligence, breach of express warranty, and breach of implied warranty.

### IV.    Plaintiff Has Alleged Valid Claims of Fraudulent Misrepresentation and Suppression Against Alabama Defendants

Under Alabama law, in order to state a claim for fraudulent misrepresentation, a plaintiff must allege that the defendant made a misrepresentation of a material fact upon which the plaintiff relied and which resulted in injury to plaintiff. Ala. Code §§ *6-5-100 2104* (1975). Plaintiff, in Count V of her Complaint, alleges that defendants negligently, recklessly, intentionally and fraudulently made a material misrepresentations that the HRT drugs Premarin,

---

[1] *Yarbrough v. Sears Roebuck & Co.*, 628 So. 2d 478, 481-83 (Ala. 1993) (circumstances under which negligent failure to warn case may be submitted to jury); *Clarke Industries, Inc. v. Home Indemnity Co.*, 591 So. 2d 458, 461-62 (Ala. 1991) (directed verdict or JNOV precluded on negligent failure to warn claim); *Deere & Co. v. Grose*, 586 So. 2d 196, 198 (Ala. 1991) (directed verdict improperly denied where negligent failure to warn claim not supported by evidence); *Yamaha Motor Co., Ltd. v. Thornton*, 579 So. 2d 619 (Ala. 1991) (evidence sufficient to support jury verdict in favor of plaintiff on claims of design and manufacturing defect under AEMLD, negligence and wantonness); *Gurley v. American Honda Motor Co., Inc.*, 505 So. 2d 358, 361 (Ala. 1987) (discussing prima facie case of claim of negligent failure to warn of dangers from defective product); *Rutledge v. Arrow Aluminum*

Prempro and MPA were safe.  The Defendants did so with the intent to induce physicians to prescribe and for consumers, including Plaintiff, to purchase the HRT drugs Premarin, Prempro and MPA.  (Compl. ¶ 118.)  Moreover in the Complaint, Plaintiffs also allege that "At the time the Defendants made these representations, the Defendants were aware of the falsity of these representations and/or made these representations with reckless disregard to the truth."  (Compl. ¶ 119.)  Lastly, Plaintiff alleges that "as a proximate result of the Defendants' wrongful conduct, Plaintiff was injured."  (Compl. ¶ 120.)

Defendants assert in their Notice of Removal that claims of fraud cannot be maintained against the Defendants Walter Williams, Charles Payne, and William Blount.  In so arguing, they suggest that Defendants made no representations to Plaintiff.  Defendants also assert that Plaintiff failed to plead her claim of fraudulent misrepresentation with specificity.  Lastly, Defendants argue that Plaintiff failed to allege that she relied on Defendants' misrepresentations.

To allege a valid claim for fraudulent suppression, the plaintiff must plead that defendants had a duty to disclose a material fact, that the defendants concealed or did not disclose that fact, induced plaintiff to act, and that as a result of plaintiff's actions, she was injured.  *Foremost Ins. Co. v. Parham,* 693 So. 2d 409 (Ala. 1997).  In her complaint, Plaintiff alleges that Defendants fraudulently suppressed material information regarding the safety and efficacy of the HRT drugs, Premarin, Prempro and MPA and their harmful side effects in order to induce physicians to prescribe these drugs and to induce consumers, including Plaintiff, to purchase the HRT drugs, Premarin, Prempro and MPA.  (Compl. ¶ 122.)  Moreover, Plaintiff alleges that Defendants suppressed the fact that HRT was not safe and that Defendants were under a duty to communicate this information to Plaintiff.  (Compl. ¶ 123.)  Defendants argue that they had no duty to disclose information to Plaintiff, that there was no relationship between

---

*Industries, Inc.*, 733 So.2d 412, 417 (Ala. Civ. App.1998) (claims of design and manufacturing defects under

Defendants and Plaintiff, and that Defendants' failure to disclose the harmful effects of taking hormone drug therapy did not constitute fraudulent suppression.

In support of their arguments related to fraudulent misrepresentation and suppression, Defendants cite numerous cases where the Supreme Court of Alabama reviewed decisions of a trial court either on summary judgment or on post-trial motions. In this circumstance, as the Court is well aware, Plaintiff need only allege a claim where there is a possibility of recovery. In regard to fraudulent misrepresentation and suppression, Plaintiff has done that. District Courts in Alabama have addressed on numerous occasions the issue of whether sales representatives are fraudulently joined in relation to claims of fraudulent misrepresentation and fraudulent suppression. Many of those cases involved Wyeth Pharmaceuticals. The following is a list of cases where the District Court has reviewed similar allegations of fraudulent misrepresentation and suppression to those in the case and found that plaintiff has alleged valid claims under Alabama law. In each situation, the District Court rejected Defendants' argument regarding fraudulent joinder and remanded the case to state court. *Floyd v. Wyeth*, No. 03-C-2564-M (N.D. Ala. Oct. 20, 2003) (Clemon, J.*); Crittenden v. Wyeth*, No. 03-T-920-N (M.D. Ala. Nov. 21, 2003) (Thompson, J.); *Terrell v. Wyeth*, No. CV-03-BE-2876-S (N.D. Ala. Dec. 12, 2003) (Bowdre, J.) ("Although the plaintiffs' claims against defendant Parker appear to raise novel questions of Alabama state law, this court will not speculate that the plaintiffs have *no* possibility of establishing a cause of action against this non-diverse defendant. Little, if any, discovery has been done to-date in this case; thus, it would be premature for this court to make rash decisions regarding the nature and the timing of the injury sustained by the plaintiffs, or the employment history of defendant Parker. Nor can the court conclusively determine that plaintiffs would not be successful in urging its various theories under Alabama law."); *Ballard v. Wyeth*, No. 03-T-

---

AEMLD, negligent failure to warn).

1255-N (N.D. Ala. Jan. 23, 2004) (Thompson, J.); *Brunson v. Wyeth*, No. 03-T-1167-S (N.D. Ala. Jan. 23, 2004) (Thompson, J.); *Blair v. Wyeth*, No. 03-T-1251-S (N.D. Ala. Jan. 23, 2004) (Thompson, J.); *Storey v. Wyeth*, No. CV-04-BE-27-E (N.D. Ala. Jan. 30, 2004) (Bowdre, J.); *Cash v. Wyeth*, No. 03-RRA-3378-E (N.D. Ala. Feb. 3, 2004) (Armstrong, Mag. J.); *Marshal v. Wyeth*, No. CV-04-TMP-179-S (N.D. Ala. Feb. 18, 2004) (Putnam, Mag. J.); *McGowan v. Wyeth*, No. CV-04-TMP-298-S (N.D. Ala. Feb. 24, 2004) (Putnam, Mag. J.); *Johnson v. Wyeth*, No. CV-04-TMP-224-S (N.D. Ala. Feb. 23, 2004) (Putnam, Mag. J.); *Bradford v. Wyeth*, No. 03-P-3157-5 (N.D. Ala. Feb. 27, 2004) (Proctor, J.); *Smith v. Wyeth*, No. 04-P-226-M (N.D. Ala. Feb. 27, 2004) (Proctor, J.); *Boudreaux v. Wyeth*, No. CV-04-P-227-M (N.D. Ala. Feb. 27, 2004) (Proctor, J.); *Bridges v. Wyeth*, No. 04-AR-0297-J (N.D. Ala. Mar. 2, 2004) (Acker, J.); *Hough v. Wyeth*, No. 04-H-393-S (N.D. Ala. Mar. 5, 2004) (Hancock, J.); *Brogden v. Wyeth*, No. 04-T-068-S (M.D. Ala. Mar. 8, 2004) (Thompson, J.); *Reeder v. Wyeth*, No. 04-T-066-N (M.D. Ala. Mar. 8, 2004) (Thompson, J.); *Eaton v. Wyeth*, No. CV-04-P-380-M (N.D. Ala. Mar. 9, 2004) (Proctor, J.); *Allen v. Wyeth*, No. 04-CV-0238-T (M.D. Ala. Apr. 9, 2004) (Thompson, J.); *Chestnut v. Wyeth*, No. 04-CV-0295-T (M.D. Ala. May 3, 2004) (Thompson, J.); *King v. Wyeth*, No. 04-CV-0409-T (M.D. Ala. May 24, 2004) (Thompson, J.); *Culpepper v. Wyeth*, No. 04-CV-0411-T (M.D. Ala. May 24, 2004) (Thompson, J.); *Braden v. Wyeth*, No. 04-CV-0384-T (M.D. Ala. May 24,  2004) (Thompson, J.); *Cross v. Wyeth*, No. 03-0882-BH-M (S.D. Ala. Mar. 29, 2004) (Hand, J.); *Bennett v. Wyeth*, No. 04-CV-0416-T (M.D. Ala. June 2, 2004) (Thompson, J.).

In sum, District Courts in Alabama have rightly found that plaintiffs who allege claims of fraudulent misrepresentation and suppression against sales representatives of drug companies have alleged valid claims under Alabama law.  Alabama Defendant Sales Representatives are not fraudulently joined in this case.  Diversity jurisdiction is not present.

## CONCLUSION

For the reasons outlined above, this Court lacks subject matter jurisdiction.  Therefore, Plaintiff respectfully urges the Court remand this action in its entirety to the Circuit Court of Bullock County, Alabama.

/s/  Melissa A. Prickett
Jere L. Beasley
Andy D. Birchfield, Jr.
Ted G. Meadows
P. Leigh O'Dell
Melissa A. Prickett
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
   PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone:  (334) 269-2343
Fax:  (334) 223-1236

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the parties <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 8th day of July, 2005.

/s/  Melissa A. Prickett
Of Counsel

**<u>Attorneys for Defendants Wyeth, Inc.</u>**
**<u>and Wyeth Pharmaceuticals, Inc.:</u>**
Lee H. Copeland
Mithcell H. Boles
J. David Martin
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama  36101

**<u>Attorney for Defendant Charles Payne:</u>**
Donald R. Jones, Jr.
2000 Interstate Park Drive
Montgomery, Alabama  36109


Qualitest Pharmaceuticals, Inc.
c/o William S. Propst, Sr.
130 Vintage Drive Northeast
Huntsville, Alabama  35011

Bill Blount
c/o Wyeth, Inc.
Five Giralda Farms
Madison, New Jersey  07940

Walter Williams, III
c/o Wyeth, Inc.
Five Giralda Farms
Madison, New Jersey 07940

Jennifer Andrews
c/o Wyeth, Inc.
Five Giralda Farms
Madison, New Jersey 07940

Bill Richards
c/o Wyeth, Inc.
Five Giralda Farms
Madison, New Jersey 07940