IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BARBARA D. GRAHAM** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )   **CIVIL ACTION NO. 2:05-CV-624A** |
| v. | ) |
| | ) |
| **WYETH d/b/a WYETH, INC., et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## MOTION TO DISMISS

Comes now Qualitest Pharmaceuticals, Inc. ("Qualitest"), defendant in the above-styled action, and moves the Court pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure to dismiss it from this action. This motion is based upon the following:

1. The plaintiff's claims against Qualitest fail to state a claim upon which relief can be granted.

2. No causal relation exists between the activities of Qualitest in distributing MPA and the alleged defect in such product claimed by the plaintiff. Qualitest did not contribute to the alleged defective condition of MPA, had no knowledge of such alleged defective condition, and had no opportunity to inspect to determine any alleged defective condition.

3. In order to preserve its defenses, Qualitest asserts that venue is improper.

4. This motion is supported by the following:

    a. Pleadings filed in this case;

    b. Affidavit of William S. Propst, Sr., attached as Exhibit B to the Notice of Removal filed by Wyeth and Wyeth Pharmaceuticals, Inc. (hereinafter "Wyeth").

A.   **Procedural Posture**

1. Plaintiff filed this case in the Circuit Court for Bullock County, Alabama on or about June 3, 2005.

2. On July 1, 2005, Wyeth removed this case to the United States District Court for the Southern District of Alabama based upon diversity of citizenship.

3. In the Notice of Removal, Wyeth asserted that Qualitest was fraudulently joined as a defendant.

B.   **Plaintiff's Claims Fall Within the Scope of the AEMLD**

The plaintiff alleges that she used certain hormone replacement therapy drugs. Plaintiff claims these drugs were defective and unreasonably dangerous because they caused plaintiff to suffer certain alleged health problems. Plaintiff's complaint does not set forth the role that Qualitest played in the distribution of such drugs, if any. Plaintiff sets forth five causes of action in the First Amended Complaint: violation of the AEMLD (Count I); negligence (Count II); breach of warranty (Count III); breach of implied warranty (Count IV); misrepresentation (Count V), and suppression (Count VI). Because all of these claims allege that defendants placed a defective product in the stream of commerce, then the sole cause of action available to the plaintiff is under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD"). *Pitts v. Dow Chemical Co.,* 859 F. Supp 543, 551 (M.D. Ala. 1994); *Yarbrough v. Sears, Roebuck and Co.,* 628 So. 2d 478, 483 (Ala. 1993); *Shell v. Union Oil,* 489 So. 2d 569, 571 (Ala. 1986).

C.   **Qualitest is Not Liable to the Plaintiff under the AEMLD for Distributing MPA**

The AEMLD is a judicially developed products liability doctrine. *Goree v. Winnebago Industries, Inc.*, 958 F.2d 1537, 1540-41 (11th Cir. 1992) (per curiam); *see also Casrell v. Altec Indus., Inc.*, 335 So. 2d 128 (Ala. 1976). It is a hybrid version of strict liability that premises

2

liability upon the sale by a manufacturer of a defective product. *See Pitts*, 859 F. Supp. at 550. To establish a prima facie case under the AEMLD, a plaintiff must show that (1) the defendant manufacturer sold a defective product, (2) the defect was the cause in fact of the plaintiff's injury and is traceable to the defendant, and (3) the product reached the plaintiff without substantial modification to the condition in which it was sold. *Goree*, 958 F.2d at 1541; *Sears, Roebuck*, 395 So. 2d at 994.

An affirmative defense available to those sued pursuant to the AEMLD is lack of causal relation. *Atkins*, 335 So. 2d at 143; *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213 (S.D. Ala. 1998). Under Alabama law, a distributor who simply markets prepackaged goods purchased from the manufacturer is not liable for an alleged latent defect in those goods. No liability exists under the AEMLD because there is no causal relation between the distributor's activities and the alleged defect in the product. *Townsend v. General Motors Corp.*, 642 So. 2d 411, 424 (Ala. 1994); *Fleming Farms v. Dixie Ag Supply, Inc.*, 631 So. 2d 922, 927-28 (Ala. 1994); *Atkins*, 335 So. 2d at 143.

Such a causal relation cannot exist where distributors were merely in the business of selling a product, had received the product in the allegedly defective condition, did not contribute to the alleged defect, and had neither knowledge of the alleged defect nor an opportunity to inspect the product which was superior to the knowledge or opportunity of the consumer. *Wakeland*, 996 F.Supp. 15 1219; *Townsend*, 642 So. 2d at 424-25; *Fleming Farms*, 631 So. 2d at 927-28; *Atkins*, 335 So. 2d at 143. Further, where an alleged defect is latent and therefore not discoverable by a reasonable inspection, a wholesaler or retailer, as a matter of law, does not have a superior opportunity to discover it. *Fleming Farms*, 631 So. 2d at 928; *Consolidated Pipe & Supply Co.* v. *Stockham Valves & Fittings, Inc.*, 365 So. 2d 968, 971 (Ala. 1978).

The affidavit of William S. Propst, Sr., President of Qualitest, shows without a doubt that no causal relation exists between the activities of Qualitest and the injuries alleged by the plaintiff. Qualitest is in the business of distributing generic prescription drugs. **Qualitest does not manufacture these drugs.** Qualitest distributes MPA. Once Qualitest receives the sealed bottles of MPA, it does not open them for inspection. Instead, it sells these unopened bottles of MPA to other wholesalers. Moreover, Qualitest did not and has not provided MPA to the public, and it has not recommended MPA to any physician or pharmacist.

Although the plaintiff alleges that MPA is defective, Qualitest had no knowledge of the alleged defective condition, nor did it contribute to the alleged defective condition or have superior opportunity to inspect the product for the alleged defective condition. **Qualitest is, in the purest sense, a distributor of MPA with absolutely no involvement in manufacturing the drug, packaging it in bottles, labeling the drug, or warning the public concerning use of the drug.** Qualitest is therefore due to be dismissed from this case.

## CONCLUSION

The plaintiff has sued Qualitest under the AEMLD for distributing MPA, an allegedly defective product. Qualitest is due to be dismissed. Qualitest did not manufacture MPA. Qualitest did not alter in any way the package of MPA that it received from the manufacturer. Furthermore, Qualitest had no knowledge of the alleged defect claimed by the plaintiff, nor did it have an opportunity superior to the consumer to inspect the MPA.

Respectfully submitted,

/s/ Emily Sides Bonds
Emily Sides Bonds (ASB 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)
Attorney for Defendant, Qualitest Pharmaceuticals, Inc.

OF COUNSEL:

**Walston Wells Anderson & Birchall, LLP**
1819 5th Ave. North, Ste 1100 (35203)
P.O. Box 830642
Birmingham, AL 35283-0642
Telephone: (205) 244-5235
Telecopier: (205) 244-5435

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing Motion to Dismiss has been served upon all counsel by efiling the same with the United States District Court for the Middle District of Alabama and/or placing in the United States mail as follows:

Lee H. Copeland, Esq.
Mitchell H. Boles, Esq.
J. David Martin, Esq.
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, AL 36101

Donald R. Jones, Jr., Esq.
2000 Interstate Park Drive
Montgomery, AL 36109

Bill Blount
c/o Wyeth, Inc.
Five Giralda Farms
Madison, NJ 07940

Walter Williams, III
c/o Wyeth, Inc.
Five Giralda Farms
Madison, NJ 07940

Jennifer Andrews
c/o Wyeth, Inc.
Five Giralda Farms
Madison, NJ 07940

Bill Richards
c/o Wyeth, Inc.
Five Giralda Farms
Madison, NJ 07940

5

This the 11th day of July 2005.

                                    /s/ Emily Sides Bonds
                                         Of Counsel