57

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

KATHY BUDD,

   Plaintiff,

-vs-

WYETH INC. f/k/a American Home Products
Corporation; A.H. ROBINS COMPANY,
INCORPORATED; WYETH-AYERST
LABORATORIES DIVISION; WYETH-AYERST
PHARMACEUTICALS, INC.; AMERICAN
CYANAMID CORPORATION; APRIL
WOMACK; DOUGLAS THOME; and ANN
FULCHER,

   Defendants.

Case No. A-03-CA-465-SS

## ORDER

BE IT REMEMBERED on the 25th day of August 2003, the Court called the above-styled cause for a hearing on Plaintiff's Motion to Remand [#7]. Before the Court are the Plaintiff's Motion to Remand, Defendants' response thereto [#8], and Defendants' [#10, #15, #16] and Plaintiff's [#13] supplements. After the hearing, Defendants filed an Unopposed Motion to Continue All Deadlines Under Federal Rule of Civil Procedure 26 and Local Rule CV-16 [#14]. Having considered the motions, responses, arguments of counsel at the hearing and in their post-hearing submissions, the relevant law and the case file as a whole, the Court now enters the following opinion and orders.

### Factual and Procedural Background

This case involves the Plaintiff's alleged use of the diet drugs fenfluramine and dexfenfluramine ("fen-phen"). The Plaintiff, Kathy Budd, who resides in Travis County, Texas,

17

08/18/03 FRI 18:30 [TX/RX NO 7796]

EXHIBIT D

opted out of a national class action settlement of fen-phen claims and filed this individual lawsuit. See Notice of Removal at 2 and Ex. 2 ("Pet.") at ¶ 2. She sues several Wyeth-Ayerst entities, including its Wyeth Pharmaceuticals Division, Wyeth Pharmaceuticals, Inc., and Wyeth Holdings Corporation (collectively, "Wyeth"). Pet. ¶¶ 3-8. Wyeth is a Delaware corporation with its principal place of business in New Jersey that allegedly promoted, marketed, manufactured and distributed fen-phen. Id.; Notice of Removal at 3. Budd asserts claims for strict products liability, breach of express and implied warranty, and negligent misrepresentation against Wyeth. Pet. ¶¶ 24-42. She also sues three Wyeth pharmaceutical sales representatives – April Womack, Douglas Thorne, and Anne Fulcher – all Texas residents, for alleged misrepresentations they made in their capacities as Wyeth sales representatives. Pet. ¶¶ 9-11. Budd, who sues all of the defendants jointly and severally, seeks damages for past and future medical expenses, lost wages, pain and suffering, mental anguish, and the physical impairment and disfigurement that she claims she suffered as a proximate result of the Defendants' wrongdoings and actions. Pet. at 14-15.

Budd filed her petition in the 98th Judicial District Court of Travis County, Texas on May 29, 2003. On July 9, 2003, Wyeth removed the case to this Court on the basis of diversity jurisdiction, alleging the Plaintiff had fraudulently joined Womack, Thorne and Fulcher as defendants in the case. According to the state court docket, citation had issued to all of the Defendants at the time of removal. On July 31, 2003, Budd filed a motion to remand.

### Analysis

Wyeth removed the case to federal court on the basis of diversity jurisdiction. For this Court to have diversity jurisdiction over a case, the defendant must prove there is complete diversity among the parties in the case – in other words, the plaintiff is diverse from every defendant. See 28 U.S.C.

-2-

§ 1332; *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). Thus, the primary issue before this Court is whether Womack, Thome and Fulcher are proper defendants in this case and, consequently, whether this Court has subject matter jurisdiction over the case under 28 U.S.C. § 1332.

Wyeth alleges the sales representatives, Womack, Thome and Fulcher, were fraudulently joined as defendants, in which case the Court would ignore their Texas citizenship for jurisdictional purposes. To establish the sales representatives, referred to by the parties as "detailers," were fraudulently joined, Wyeth must satisfy the heavy burden of showing there is no possibility Budd could establish a cause of action against Womack, Thome or Fulcher, or that Budd committed outright fraud in her recitation of the jurisdictional facts. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981). In evaluating a defendant's assertion of fraudulent joinder, a court must consider all of the factual allegations in the light most favorable to the plaintiff and resolve all of the contested issues of fact in favor of the plaintiff. *Burden*, 60 F.3d at 217.

However, a court may pierce the pleadings to determine fraudulent joinder and, even though the petition may state a claim against the in-state defendant, the case may be removed if the removing defendant demonstrates through summary judgment-type evidence outside the pleadings there is no reasonable basis to predict the plaintiff could establish a claim against the in-state defendant. *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 389, 394 (5th Cir. 2000) ("*Badon I*"), *op after certified question declined*, 236 F.3d 282 (5th Cir. 2000) ("*Badon II*") (holding no controversy exists to construe in favor of nonremoving party when it submits no evidence of contradictory facts in response to the evidence of the removing party); *see also B., Inc.*, 663 F.2d at 549 (affirming the

-3-

appropriateness of considering deposition and affidavit evidence). Nevertheless, a court must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff. *B. Inc.*, 663 F.2d at 549. Thus, Wyeth must show, as a matter of law, "there is no reasonable basis for predicting that [Swinheart] might establish liability on [her] claim against [the detailers]," *Badon I*, 224 F.3d at 390; *see also Burden*, 60 F.3d at 216 (explaining district courts "do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so.").

Wyeth contends there is no reasonable possibility Budd could succeed in her misrepresentation claims against any of the three detailer defendants because she has not pled a valid cause of action against Womack, Thorne or Fulcher. Wyeth also contends the allegations Budd has made against each detailer, even if they did constitute a valid cause of action, are refuted by the evidence Wyeth has submitted.

In this case, Wyeth and Budd each urge a different interpretation of Texas substantive law that would in turn lead this Court to opposite conclusions as to whether Budd could conceivably prevail on its misrepresentation claims against Womack, Thorne or Fulcher. Budd contends that because an agent or employee can be held independently liable for his own torts, she can sue the detailers in state court for the injuries she sustains as a result of the detailers' personal misrepresentations. On the other hand, Wyeth claims the detailers do not owe a duty of care to Budd separate and apart from the duty of care Wyeth owes Budd, and therefore, Budd has failed to assert a legally cognizable misrepresentation claim against the detailers.

Budd relies on *Kingston v. Helm*, 82 S.W.3d 755 (Tex. App. – Corpus Christi, 2002, pet. denied), to support her argument Womack, Thorne and Fulcher can be held individually liable under

-4-

Texas law for their misrepresentations. In *Kingston*, the state appellate court discussed at length several decisions of the Texas Supreme Court regarding the individual liability of agents and employees of corporations. The Corpus Christi court noted the general rule is "a corporate officer's acts on the corporation's behalf are deemed to be acts of the corporation," but an exception exists and a "corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." *Id.* at 758 (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 117-18 (Tex. 1996) and quoting *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984)) According to the *Kingston* court, "the law [in Texas] is well-settled that a corporate agent can be held liable for fraudulent statements and knowing misrepresentations even when they are made in the capacity of a representative of the corporation." *Id.* at 759. The court clarified, however, that the agent can only be held individually liable when he *knowingly participates* in tortious or fraudulent acts. *Id.* (emphasis this Court's own). The appellate court ultimately concluded that an officer of a real estate company who made false representations to the plaintiff with regard to a townhouse the plaintiff purchased could be held individually liable under the Texas Deceptive Trade Practices Act for those knowing misrepresentation. *Id.* at 757, 761.

In this case, although Budd does not allege specific actions on the part of each detailer in the context of stating her causes of action, she make the following general allegation against all of the defendants:

> All defendants individually and through their agents, representatives and/or employees, belligerently misrepresented or omitted to state material facts about the dangers of the subject products containing PPA in that they made such misrepresentation ro omissions when they knew or should have known of the falsity of such representations. Alternatively, all defendants made such omissions or representations without exercising reasonable care to ascertain the accuracy of these representations.

-5-

Pet ¶ 41. In the "Parties" section of the petition, Budd alleged that each detailer, in his or her position as a Wyeth sales representative, promoted fen-phen by providing information to Texas physicians, and while doing so, "affirmatively undertook to provide misleading information relating to the safety of fen/phen, which the Defendant knew or should have known were false." Pet. ¶¶ 5-11. Budd further alleged each detailer "made such representations with the intent or purpose that the Plaintiff and others would rely upon them leading to the ingestion and use of said drugs by the Plaintiff causing the Plaintiff to suffer severe and permanent heart valve damage." Id.

Essentially, Budd alleges the detailers passed information supplied by Wyeth to the physicians and they knew or should have known this information contained misstatements about the safety of the diet drug. This does not constitute an allegation of *knowing* participation in a misrepresentation on the part of a corporate agent (the detailer). If Budd had alleged the sales representatives made up additional misleading information and told it to the doctors to induce them to prescribe the drugs, the way a realtor might misrepresent the conditions of a piece of property to make the sale, or if she had alleged the detailers were told of the dangers of fen-phen but intentionally did not disclose them to the doctors, then she might have stated a claim with a reasonable chance of success under the exception articulated in *Kingston*. Instead, the general rule applies and because the detailers do not have duty to research and ensure the safety fen-phen separate from Wyeth's duty, Budd does not have a reasonable probability of success on her misrepresentation claims against the detailers under Texas law. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (holding agents can only be held individually liable when they owe an independent duty of reasonable care to the injured party separate and apart from their employer's duty); *Firestone Steel Products Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996) (holding only those who design,

-6-

manufacture or sell a product have a duty to warn); *see also* Def.'s Supp. to Resp. (collecting several orders written by Judges Lee Rosenthal and Lynn Hughes of the Southern District of Texas dismissing claims against pharmaceutical sales representatives on the grounds there is no reasonable basis to recover against them under Texas law).

Moreover, even if Budd did have a reasonable chance of prevailing on her claims against the detailers individually, Wyeth has disproved the factual allegations that serve as the basis of her misrepresentation claims with uncontroverted summary judgment type evidence in the form of the detailers' sworn declarations. *See* Notice of Removal, Ex. Z1 ("Womack Decl."), Ex. Z2 ("Thorne Decl."), & Ex. Z3 ("Fulcher Decl."). In their declarations, the detailers refute that they ever intentionally misrepresented the safety or efficacy of fen-phen and explained it was their job to pass on the FDA-approved information provided to them by Wyeth. *See* Womack Decl. ¶¶ 2, 4; Thorne Decl. ¶¶ 2, 4, 9; Fulcher Decl. ¶¶ 2, 4, 9. Additionally, Womack never even detailed fen-phen. *See* Womack Decl. ¶ 3. And Thorne and Fulcher swear they did not know of the alleged correlation between the use of the drug and heart valve damage until the allegation was first publicized. *See* Thorne Decl. ¶ 6; Fulcher Decl. ¶ 6.

If Budd had produced any contradictory evidence, even if it was less credible than Wyeth's, it would have created a fact issue which the court would have had to resolve in her favor. However, on a motion to remand, the Court must only resolve fact disputes in a plaintiff's favor when "when there exists an actual controversy, i.e. when *both parties* have submitted *evidence* of contradictory facts." *Badon I*, 224 F.3d at 394 (emphasis in original). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support its claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075

-7-

(5th Cir.1994)). Because in this case, Wyeth has negated the facts which might form the basis of a state law claim, the Court holds the detailers were fraudulently joined. The "mere theoretical possibility of recovery under local law" does not preclude removal. *Badon II*, 236 F.3d at 286. *Ross v. Citifinancial, Inc.*, ___ F.3d ___, 2003 WL 22036346, at *3 (5th Cir. Aug. 29, 2003).

In accordance with the foregoing:

IT IS ORDERED that Plaintiff's Motion to Remand [#7] is DENIED.

IT IS FURTHER ORDERED that Defendants' Unopposed Motion to Continue All Deadlines Under Federal Rule of Civil Procedure 26 and Local Rule CV-16 [#14] is DISMISSED as moot in light of this order.

SIGNED this the 10th day of September 2003.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

-8-

09/19/03  FRI 10:30  [TX/RX NO 7706]