IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA D. GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 2:05-CV-624A |
| v. | ) |
| | ) |
| WYETH d/b/a WYETH, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT QUALITEST PHARMACEUTICALS, INC.'S
OPPOSITION TO MOTION TO REMAND**

Comes now defendant Qualitest Pharmaceuticals, Inc. ("Qualitest"), and submits this memorandum of law in opposition to the Plaintiff's Motion to Remand.

**INTRODUCTION**

Plaintiff's Motion to Remand is due to be denied. In Wyeth Inc.'s ("Wyeth") Notice of Removal, Wyeth established that Qualitest and others were fraudulently joined and that complete diversity therefore exists. Qualitest demonstrated in its own Motion to Dismiss that there is no possibility that Plaintiff can establish any claims against Qualitest, since Qualitest never tested, developed, manufactured, or labeled any product at issue in this lawsuit. In response, Plaintiff filed the Motion to Remand now before this Court, which thoroughly fails to show both that she has a reasonable basis for her claims against Qualitest and that there is a possibility that a state court would impose liability on Qualitest, an intermediate distributor, under the facts present here. Because the undisputed evidence demonstrates that Qualitest was *not* involved in the testing, development, manufacture, labeling, or inspection of the products at issue in this lawsuit, did not sell the product under its own name, and thus has no causal connection to any alleged defect in the product, **Plaintiff has no reasonable basis for any claims she alleges against**

**Qualitest and cannot possibly establish valid causes of action against it**. As demonstrated herein, Qualitest meets its burden of establishing that it is fraudulently joined in this action and, accordingly, Plaintiff's Motion to Remand is due to be denied.

## ARGUMENT

### A.   FRAUDULENT JOINDER STANDARD

The Eleventh Circuit has held that a defendant is fraudulently joined when the plaintiff has ***no reasonable basis*** for a claim against the defendants. *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997) (There must be a "reasonable basis for predicting that state law might impose liability" on the non-diverse defendants.) (quoting *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 176-77 (5th Cir. 1968)). Likewise, other federal courts have recognized that the

> [T]here must be some **reasonable basis** for believing that there is joint liability. The joinder is fraudulent if it is clear that, under the law of the state in which the action is brought, the facts asserted by the plaintiff as the basis for the liability of the resident defendant could not possibly create such liability so that the assertion of the cause of action is as a matter of local law plainly a sham and frivolous.

*Mask v. Chrysler Corp.*, 825 F. Supp. 285, 288 (N.D. Ala. 1993) (emphasis added).

Plaintiff contests that she need not have a reasonable basis for the claims she brings against Qualitest. (Motion to Remand, pp. 4-5) Instead, Plaintiff argues that she only has to demonstrate a "possibility that a state court would find that the Complaint states a cause of action against . . . the resident defendant[]." (Motion to Remand, p. 5) (citation omitted). However, where the court examines the facts of a case and determines that, like here, those facts would lead no state court to find a valid cause of action against a resident defendant, remand must be denied. *Owens v. Life Ins. Co. of Georgia*, 289 F. Supp. 2d 1319 (M.D. Ala. 2003).

2

B.   **EACH CLAIM WHICH PLAINTIFF ALLEGES IN HER COMPLAINT REQUIRES HER TO ESTABLISH A CAUSAL CONNECTION BETWEEN QUALITEST'S CONDUCT AND PLAINTIFF'S INJURIES**

The plaintiff alleges that she used certain hormone replacement therapy drugs. Plaintiff claims these drugs were defective and unreasonably dangerous because they caused plaintiff to suffer certain alleged health problems. Plaintiff sets forth six causes of action in the First Amended Complaint: violation of the AEMLD (Count I); negligence (Count II); breach of warranty (Count III); breach of implied warranty (Count IV); misrepresentation (Count V), and suppression (Count VI).

Plaintiff has no possibility of establishing valid claims against Qualitest because each of these claims contain a proximate cause element that cannot be satisfied under the facts here present. *See Goree v. Winnebago Industries, Inc.*, 958 F.2d 1537, 1541 (11th Cir. 1992) (per curiam) (causation is an element of an AEMLD claim); *Martin v. Arnold*, 643 So. 2d 564 (Ala. 1994) (causation is an element of a claim for negligence and wantonness); *Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 110 (Ala. 2003) (causation is an element of a breach of warranty claim); *City Realty, Inc. v. Continental Cas. Co.,* 623 So. 2d 1039, 1043 (Ala. 1993) (causation is a "critical element" of a fraud claim); *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293 (Ala. 1999) (causation is an element of a suppression claim). As will be shown below, Defendants satisfy their burden of demonstrating that Qualitest had no causal connection to Plaintiff's injuries and has been made a party to this action merely to defeat diversity jurisdiction. Plaintiff has no reasonable basis for bringing claims against a defendant who did not contribute to the defectiveness of any product which she alleged caused her injuries, and there is no possibility that Alabama would impose liability on a defendant who was not the

3

proximate cause of Plaintiff's injuries. Accordingly, Qualitest's residence should be disregarded and this action should continue in federal court.

      C.      **THERE IS NO POSSIBILITY THAT PLAINTIFF CAN PROVE A CAUSE OF ACTION AGAINST QUALITEST UNDER THE AEMLD**

The AEMLD is a judicially developed products liability doctrine. *Goree v. Winnebago Industries, Inc.*, 958 F.2d 1537, 1540-41 (11th Cir. 1992) (per curiam); *see also Casrell v. Altec Indus., Inc.*, 335 So. 2d 128 (Ala. 1976). It is a hybrid version of strict liability that **retains the concept of fault** and premises liability upon the sale by a manufacturer of a defective product. *See Campbell v. Cutler Hammer, Inc.* 646 So. 2d 573, 576 (Ala. 1994); *Pitts*, 859 F. Supp. at 550. To establish a prima facie case under the AEMLD, a plaintiff must show that (1) the defendant sold a defective product, (2) the defect was the cause in fact of the plaintiff's injury and is traceable to the defendant, and (3) the product reached the plaintiff without substantial modification to the condition in which it was sold. *Goree*, 958 F.2d at 1541; *Sears, Roebuck*, 395 So. 2d at 994. However, where a resident defendant shows that it had no causal connection to the defective condition of the product or to the plaintiff's injuries, then that defendant is not subject to liability under the AEMLD and is deemed fraudulently joined in the suit premised on the AEMLD. Accordingly, the residency of that defendant is disregarded, and the case properly proceeds in federal court. *Atkins v. Am. Motors Corp.*, 335 So. 2d 134, 143 (Ala. 1976); *Brock v. Baxter Healthcare Corp.*, 96 F. Supp. 2d 1352 (S.D. Ala. 2000); *Wiggins v. Am. Home Prod. Corp.*, 2001 WL 34013629 (N.D. Ala. Oct. 2, 2001).

Plaintiff argues that jurisdiction is improper in this Court because defendants have not satisfied the diversity requirement necessary to invoke federal jurisdiction over this claim based on the AEMLD. (Motion to Remand, p. 1) Plaintiff's Motion to Remand is due to be denied because Plaintiff has failed to offer any evidence to contradict Qualitest's proof that it has no

4

causal relation to Plaintiff's injuries and thus can incur no liability under the AEMLD. Plaintiff apparently argues that Alabama law infers a plaintiff has made a valid AEMLD claim merely upon showing that the defendant "is in the business of selling" the allegedly defective product. (Motion to Remand, p. 7) As will be discussed below, Alabama courts make no such inference, and Plaintiff fails to make a prima facie showing of each element of a claim under the AEMLD.

The affidavit of William S. Propst, Sr., President of Qualitest, which was submitted as Exhibit B to Wyeth's Notice of Removal, demonstrates that Qualitest is merely in the business of distributing generic prescription drugs. **Qualitest does not manufacture, package, or label these drugs.** (Propst Aff., ¶ 5) Importantly, once Qualitest receives the sealed bottles of MPA, it does not open them for inspection. (Propst Aff., ¶ 8) Instead, it sells these unopened bottles of MPA to other wholesalers. (Propst Aff., ¶ 7) Moreover, Qualitest never has provided MPA directly to the public, nor has it recommended MPA to any physician or pharmacist. (Propst Aff., ¶ 11) **In sum, Qualitest is, in the purest sense, a distributor of MPA with absolutely no involvement in manufacturing the drug, packaging it in bottles, labeling the drug, or warning the public concerning use of the drug.** Qualitest had no causal relation to the injuries which Plaintiff allegedly sustained from the product at issue here.

In response to this evidentiary showing by Qualitest, Plaintiff has not offered any evidence, either testimonial or documentary, that establishes the existence of any reasonable basis on which to premise Qualitest's alleged liability under the AEMLD. Instead, Plaintiff relies on a number of faulty arguments in concluding that Qualitest is subject to liability under the AEMLD. First, Plaintiff attempts to assert that case law supports her proposition that she establishes a causal relation between Qualitest's conduct and her injuries by showing that Qualitest is "in the business of selling" the product that she alleges caused her injuries. (Motion

5

to Remand, p. 7) (citing *Casrell*, 335 So. 2d at 132). In relying on *Casrell* in this manner, Plaintiff contorts controlling Alabama law and ignores *Casrell*'s recognition of a number of factors that exclude a seller from liability under the AEMLD. *Casrell* and cases following it make it abundantly clear that, while liability is sometimes proper where one is involved in the business of selling an unreasonably dangerous product, this factor does not singularly render one liable under the AEMLD unless a causal relation exists between the defendant's conduct and the defective condition of the product. **Courts have held that a causal relation does not exist where a distributor like Qualitest merely is in the business of selling a product, if that distributor received the product in the allegedly defective condition, did not contribute to the alleged defect, and had neither knowledge of the alleged defect nor an opportunity to inspect the product which was superior to the knowledge or opportunity of the consumer.** *See Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1219 (S.D. Ala. 1998); *Townsend v. General Motors Corp.*, 642 So. 2d 411, 424-25 (Ala. 1994); *Fleming Farms v. Dixie Ag Supply, Inc.*, 631 So. 2d 922, 927-28 (Ala. 1994); *Atkins*, 335 So. 2d at 143.

Second, Plaintiff alleges that Qualitest had a superior opportunity to discover the defect in the MPA which it sold and that, accordingly, Plaintiff has stated a valid AEMLD claim against Qualitest. This allegation is unfounded, legally insufficient, and fails to support Plaintiff's assertions that Qualitest is liable under the AEMLD. Other federal courts have already held that, to be considered superior, any opportunity a defendant had to inspect a product for defects must have been a meaningful one. *Wiggins v. Am. Home Prod. Corp.*, 2001 WL 34013629, *3 (N.D. Ala. Oct. 2, 2001). Further, where a defect is "latent and could not be discovered by either consumer or distributor by a reasonable inspection, neither [consumer nor distributor] had a superior opportunity [to discover the defect] . . ." *Wiggins*, 2001 WL 34013629 at *3. As in

*Wiggins*, the plaintiff here has made "no allegation of a specific, reasonable method by which [the defendant distributor] could have discovered the allegedly defective nature of [the drug in question]." *Id.*

Finally, Plaintiff argues that *Allen v. Delchamps*, 624 So. 2d 1065, 1069 (Ala. 1993), a case on which Plaintiff claims Qualitest relied in arguing the applicability of the "closed container defense," is distinguishable simply because *Allen*'s recognition of the closed container defense arose in the context of a summary judgment hearing in a case involving prepackaged food. (Motion to Remand, p. 7) This supposed distinction is immaterial in light of the fact that countless cases do support the spirit of the so-called closed container defense - which essentially holds that no causal relation exists between defendant's conduct and plaintiff's injuries - in a wide variety of contexts. The closed container defense, like the "lack of causal relation" defense, maintains that a distributor will not be held liable under the AEMLD where the distributor neither contributes to nor inspects a product's defects. *Casrell*, 335 So. 2d at 134; *Atkins*, 335 So. 2d at 143; *Wakeland*, 996 F. Supp. at 1213.

Thus, contrary to Plaintiff's misleading assertions and legal arguments, the lack of a causal connection between Qualitest's conduct and the product's defectiveness excludes Qualitest from the reach of the AEMLD. *Pitts*, 859 F. Supp. at 551. **Under Alabama law, a distributor who simply markets prepackaged goods purchased from the manufacturer is not liable for an alleged latent defect in those goods.** *Townsend*, 642 So. 2d at 424; *Fleming Farms*, 631 So. 2d at 927-28; *Atkins*, 335 So. 2d at 143. No liability could possibly exist under the AEMLD here because, as a matter of law, there is no causal relation between Qualitest's conduct and the alleged defect in the product. *Id.*

7

### D. THE LACK OF A CAUSAL CONNECTION BETWEEN QUALITEST'S CONDUCT AND PLAINTIFF'S INJURIES PRECLUDES LIABILITY UNDER PLAINTIFF'S COMMON LAW CLAIMS

#### 1. Plaintiff Has No Reasonable Basis For Her Negligence/Wantonness Claims

As demonstrated extensively in the above analysis of Plaintiff's inadequate attempt to allege an AEMLD claim, no causal connection exists between Qualitest's conduct and Plaintiff's alleged injuries. Qualitest was merely an intermediate distributor of a prepackaged product which it did not develop, test, endorse, inspect, or know was defective. No interpretation of these facts could present a reasonable basis for concluding that Qualitest owed any duty to Plaintiff, that it breached that duty, or that any alleged breach was the proximate cause of Plaintiff's alleged injuries. *Martin v. Arnold*, 643 So. 2d 564 (Ala. 1994) (causation is an element of a claim for negligence and wantonness). Plaintiff cannot possibly establish valid negligence/wantonness claims against Qualitest.

#### 2. There Is No Reasonable Basis Upon Which Plaintiff Can Predicate Any Liability Against Qualitest on Plaintiff's Fraud-Based Claims

Plaintiff's Complaint alleges against all Defendants claims of fraudulent misrepresentation and suppression. These claims can be disposed of summarily against Qualitest, as Plaintiff fails thoroughly to show that she ever had any contact with Qualitest, that Qualitest made any representations at all to her, that she relied on any representations made by Qualitest, an intermediate distributor, when deciding to begin her HRT regime, and that Qualitest's alleged fraudulent conduct was the cause of her injuries - all of which are showings that must be made to establish valid prima facie fraud-based claims in Alabama. *Southern Life and Health Ins. Co. v. Smith*, 518 So. 2d 77, 79 (Ala. 1987) (citing *Webb v. Renfrow*, 453 So. 2d 724, 727 (1984)); *First Cmty Bank v. Spivey*, 694 So. 2d 1316 (Ala. 1997) (causation is an

element of claim for fraud); *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293 (Ala. 1999) (causation is an element of a claim for suppression). Because of these evidentiary failures, it is axiomatic that Plaintiff simply cannot make out any valid fraud-based claims against Qualitest.

### 3. There Is No Reasonable Basis Upon Which Plaintiff Can Predicate Breach Of Warranty Claims Against Qualitest

The Alabama Supreme Court has held that causation is a required element of a breach of warranty claim. *Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 110 (Ala. 2003) (causation is an element of a breach of warranty claim). Once again, Plaintiff fails to demonstrate a possibility of establishing a valid breach of warranty claim against Qualitest who, as a mere distributor, had no causal connection to any product's alleged defective condition or to Plaintiff's alleged injuries. Moreover, Plaintiff has no reasonable basis for alleging that a warranty ran from Qualitest to Plaintiff. *Id.*

### CONCLUSION

The plaintiff has sued Qualitest under the AEMLD an other common law theories for distributing MPA, an allegedly defective product. There is no causal connection between Qualitest's conduct and the defective condition of the product. Because causation is a required element of each of Plaintiff's purported claims against Qualitest, this utter lack of any causal connection precludes Plaintiff from having a reasonable basis for making any claims against Qualitest and ensures that she has no possibility of establishing her fault-based claims against this Defendant. The residence of Qualitest should be disregarded and this case should continue to be pursued in this Court, where diversity jurisdiction properly rests.

Respectfully submitted,

/s/ Emily Sides Bonds
Emily Sides Bonds (ASB 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)
Attorney for Defendant, Qualitest Pharmaceuticals, Inc.

OF COUNSEL:

**Walston Wells Anderson & Birchall, LLP**
1819 5th Ave. North, Ste 1100 (35203)
P.O. Box 830642
Birmingham, AL 35283-0642
Telephone: (205) 244-5235
Telecopier: (205) 244-5435

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion to Dismiss has been served upon all counsel by efiling the same with the United States District Court for the Middle District of Alabama and/or placing in the United States mail as follows:

Lee H. Copeland, Esq.
Mitchell H. Boles, Esq.
J. David Martin, Esq.
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, AL 36101

Donald R. Jones, Jr., Esq.
2000 Interstate Park Drive
Montgomery, AL 36109

Bill Blount
c/o Wyeth, Inc.
Five Giralda Farms
Madison, NJ 07940

Walter Williams, III
c/o Wyeth, Inc.
Five Giralda Farms
Madison, NJ 07940

Jennifer Andrews
c/o Wyeth, Inc.
Five Giralda Farms
Madison, NJ 07940

Bill Richards
c/o Wyeth, Inc.
Five Giralda Farms
Madison, NJ 07940

    This the 3rd day of August 2005.


                /s/ Emily Sides Bonds
                Of Counsel