IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA D. GRAHAM,<br><br>    Plaintiff,<br><br>v.<br><br>WYETH d/b/a WYETH, INC.;<br>et al.<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 2:05-cv-624A<br>)<br>)<br>)<br>)<br>)<br>) |

**WYETH'S SUR-REPLY TO
MOTION TO REMAND AND RESPONSE TO
<u>SUPPLEMENTAL MOTION FOR EXPEDITED RULING</u>**

Plaintiff's Reply Brief in Support of Motion to Remand (the "Reply") and Supplemental Motion For Expedited Ruling (the "Supplemental Motion") go astray in several important ways:

1. In support of the Supplemental Motion, plaintiff states that "[a]ny delay in ruling on the Motion to Remand will result in the unnecessary transfer of this case to the MDL." Supplemental Motion at p. 2. Plaintiff fails to say that she has objected to the conditional transfer order, which has the effect of staying the proposed transfer pending a further order from the Judicial Panel on Multidistrict Litigation. Exhibit A. Thus, there is no real rush. Wyeth is content for this Court to decide the motion, or for this Court to defer to Judge Wilson, who has addressed similar issues before (and will again) in the context of the hormone therapy litigation. Plainly, however, plaintiff wants to avoid a transfer to the MDL, as Judge Wilson recently denied a motion to remand filed by plaintiff's counsel in another Alabama case, finding that the attempts to add sales representative defendants after the case was removed "are bottomed upon the primary (if not sole) notice of defeating federal diversity jurisdiction," and that "[i]t appears that Plaintiff could not maintain a cause of action against these Defendants (Sales Representatives)

1

under Alabama law." *In re Prempro Products Liability Litigation*, MDL-1507 (E.D. Ark June 27, 2005) (Exhibit B).

2.    The Reply fails to come to grips with the rule that a court should consider affidavits, deposition transcripts, and other evidence before it when analyzing a claim of fraudulent joinder. *See Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997).[1] When the defendant submits uncontroverted evidence that the plaintiff cannot establish a claim against a non-diverse defendant, the court can no longer rely on the mere allegations in the complaint, nor assume that plaintiffs could prove the facts at issue. *See, e.g., Lane v. Champion*, 827 F. Supp. 701, 706 (S.D. Ala. 1993) ("To give rise to a possibility of recovery against a non-diverse defendant, a plaintiff need only present affidavits or other evidence controverting facts set forth in defendants' submissions."). Here, plaintiff has not controverted the affidavits submitted by Wyeth, nor explained her failure to do so. Thus, the Court must accept as true the facts presented in the declaration of the following individuals: Dr. Stuart T. May, Walter Scott Williams, William Madison Blount, III, William Stephen Richards, Charles Payne, Jennifer Andrews and William Propst, Sr. There can be no "question of fact" as alleged by plaintiff where plaintiff has presented no evidence refuting the facts established by these declarations.

3.    Plaintiff's Reply again exposes the defect in her claims of misrepresentation and suppression, as she again cannot point to any allegations of reliance. *Reply* at pp. 4-5. This

---

[1]  *See also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (when deciding issues of fraudulent joinder, district court should consider any submitted affidavits and/or deposition transcripts); *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995) (collecting cases that authorize the court to look beyond the pleadings). The reason behind this rule is that "the proceeding . . . for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)." *Crowe*, 113 F.3d at 1538.

failure is fatal to such claims. *Ball v. Vogtner*, 362 So.2d 894 (Ala. 1978). Additionally, the uncontroverted declarations establish that neither Dr. May nor plaintiff relied upon the sales representatives. Plaintiff's "anticipated" testimony from Dr. May[2] is simply wishful thinking, for Dr. May's declaration sets forth his testimony, and it puts the proverbial "nail in the coffin" on plaintiff's fraud and suppression claims. *Declaration of Stuart May*, ¶ 3 (Exhibit C).

4. In responding to Wyeth's argument that there is no basis under Alabama law for her AEMLD claims against the sales representative defendants, plaintiff inaccurately represents to the Court that "[d]efendants site [sic.] no case law in support of this assertion". *Reply* at p. 8. Wyeth cited *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272, 287 (S.D.N.Y. 2001), where, Judge Kaplan -- applying Alabama law -- explained that the AEMLD does not impose liability on pharmaceutical representatives who "neither manufactured, sold nor supplied [the drugs in question]." The uncontroverted declarations of Walter Scott Williams, William Madison Blount, III, Charles Payne, Jennifer Andrews and William Richards establish they did not manufacture, supply or sell Wyeth's hormone therapy products to either the plaintiff or her prescribing physicians. Simply put, these individual defendants cannot be liable under the AEMLD because they are not the "manufactures" or "sellers" of HRT. The Reply chooses to ignore the facts and law, simply proclaiming – *ipse dixit* -- that sales representatives are individually liable.

5. As to Qualitest Pharmaceutical, Inc. ("Qualitest"), plaintiff continues to assert that she has a colorable claim against it because "[t]here is no dispute that Defendant Qualitest placed HRT drugs into the stream of commerce." *Reply* at p.11. A cursory review of Alabama law reveals that a distributor is not liable simply by placing allegedly defective goods into the stream of commerce. *See, Brock v. Baxter Healthcare Corp.*, 96 F.Supp.2d 1352 (S.D. 2000) (denying

---

[2] Motion to Remand at p.10.

motion to remand because there was no causal relation between the mere distribution of the product and the injuries allegedly suffered by the plaintiff); *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F.Supp. 1213 (S.D. Ala. 1998)(dismissing AEMLD claim against local cigarette distributors because their handling of the cigarettes did not contribute to their allegedly defective nature: "defendants involved only in distributing and selling cigarettes are entitled to the defense of lack of causal relation as a matter of law."). The uncontroverted evidence before the Court is that Qualitest was a mere passive distributor of MPA and, therefore, cannot be held liable to plaintiff. *Compare Evelyn Johnson v. General Motors Corp.*, 82 F.Supp.2d 1326 (S.D. Ala. 1997) (finding passive car dealer fraudulently joined where it performed no work on the automobile at issue) *with Judson v. Nissan Motor Co.*, 52 F. Supp2d 1352 (M.D. Ala. 1999) (finding a valid claim against dealer that actively made adjustments to the automobile).[3] The lack of causal relation defense is, therefore, fatal as to all of plaintiff's claims against Qualitest Pharmaceutical, Inc., as causation is a requisite element of each claim.

6.  Wyeth submits that the Court should find that the non-diverse defendants are fraudulently joined on the strength of the reasons set forth in the instant Sur-Reply and in Defendant Wyeth's Opposition to Plaintiff's Motion to Remand. Plaintiff's Motion to Remand and Supplemental Motion for Expedited Ruling are, therefore, due to be DENIED.

/s Lee H. Copeland
Lee H. Copeland (ASB-3461-072L)

**Attorneys for Defendants**
**Wyeth a/k/a Wyeth, Inc. and**
**Wyeth Pharmaceuticals Inc.**

---

[3] Whether plaintiff's purpose is to confuse the issue or smear Qualitest, her attachment of an indictment of the company and its owner is irrelevant. It has no bearing on the only issue here – whether Qualitest was a passive distributor of hormone therapy medications.

4

**OF COUNSEL:**

Lee H. Copeland
Mitchel H. Boles
J. David Martin
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 S. Perry Street (36104)
Post Office Box 347
Montgomery, Alabama 36101-0347
Telephone:    (334) 834-1180
Facsimile:    (334) 834-3172

## **CERTIFICATE OF SERVICE**

I hereby certify that on 11th day of August, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Jere L. Beasley**
  libby.rayborn@beasleyallen.com jere.beasley@beasleyallen.com
- **Andy D. Birchfield, Jr**
  andy.birchfield@beasleyallen.com
- **Emily Sides Bonds**
  ebonds@walstonwells.com
- **Donald R. Jones, Jr**
  don@djoneslaw.com kristi@djoneslaw.com
- **Ted G. Meadows**
  ted.meadows@beasleyallen.com
  ann.kaufmann@beasleyallen.com;amy.brown@beasleyallen.com;jason.bell@beasleyallen.com
- **P. Leigh O'Dell**
  leigh.odell@beasleyallen.com
- **Myron C. Penn**
  myronpenn28@hotmail.com
- **Melissa A. Prickett**
  melissa.prickett@beasleyallen.com
  ann.kaufmann@beasleyallen.com;andy.birchfield@beasleyallen.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**William Walter, III**
c/o Wyeth d/b/a Wyeth, Inc.
Five Giralda Farms
Madison, NJ 07940

**Bill Blount**
c/o Wyeth d/b/a Wyeth, Inc.
Five Giralda Farms
Madison, NJ 07940

**Jennifer Andrews**
c/o Wyeth d/b/a Wyeth, Inc.
Five Giralda Farms
Madison, NJ 07940

**Bill Richards**
c/o Wyeth d/b/a Wyeth, Inc.
Five Giralda Farms
Madison, NJ 07940

/s Lee H. Copeland
Of Counsel