IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 2 7 2005
JAMES W. McCORMACK, CLERK
By: _____ DEP. CLERK

| | |
|---|---|
| In re: | MDL Docket No. 4:03CV1507-WRW |
| PREMPRO PRODUCTS LIABILITY LITIGATION | 4:05CV00462 |
| SHERRON B. CHRISTIANSEN | PLAINTIFF |
| v. | |
| WYETH, INC., et. al. | DEFENDANTS |

## ORDER

Pending are Plaintiff's Motion for Leave to Amend Complaint to Add Bill Blount and Walt Williams (Doc. No. 3), Motion for Leave to Amend Complaint to Add Charles Payne and Bill Richards (Doc. No. 4), and Motion to Remand (Doc. No. 5). Defendants have responded to the motions and oral arguments were heard on June 24, 2005 at the MDL Status Conference. Also pending is Defendant Pfizer, Inc's Motion to Stay (Doc. No. 6).

### A. Motion for Remand

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims.[1] In reviewing a motion to remand, I must resolve all doubts in favor of a remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence.[2]

---

[1] 28 U.S.C. § 1447(c).

[2] *In re Business Men's Assurance Co. of America*, 992 F.2d 181, 193 (8th Cir. 1983)(citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) *cert. dismissed* 484 U.S. 1021 (1988)).

1

If the plaintiff "has joined a non-diverse party as a defendant in its state case, the [defendant] may avoid remand - in the absence of a substantial-federal question - only by demonstrating that the non-diverse party was fraudulently joined."[3] If there is "a 'colorable' cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder."[4] However, in cases where "the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'"[5]

In the Motion to Remand, Plaintiff, an Alabama resident, asserts that remand is appropriate because there is not complete diversity since Defendants Rite Aid, Harco, Inc., Norman Bridge Drug Company, and CVS, Inc are all Alabama corporations. At the time of removal, these pharmacies were the only non-diverse parties.

Defendants insist that Plaintiff can't chin the pole set by *Triggs v. John Crump Toyota, Inc.*[6] and its progeny. I agree. In *Walls v. Alpharma USPD, Inc*,[7] the Alabama Supreme Court held that, under the learned intermediary doctrine, the duty to determine whether the medication

---

[3] *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003).

[4] *Id.* at 810.

[5] *Id.* at 811 (quoting *Iowa Public Service Co. v. Medicine Bow Coal, Co.*, 556 F.2d 400 (8th Cir. 1977).

[6] 154 F.3d 1284 (11th Cir. 1998).

[7] 887 So.2d 881 (Ala. 2004).

as prescribed was dangerously defective was not owed by the pharmacist filling the prescription, but by the prescribing physician.[8] Considering this, Plaintiff's Motion to Remand is DENIED.

2. **Motion to Amend**

Both of Plaintiff's Motions to Amend request to add Wyeth sales representatives as Defendants. Under Civil Procedure Rule 15(a) leave to amend a complaint will be "freely given when justice so requires."[9] However, Defendants assert that, after a case is lodged in federal court, the court should scrutinize a motion to amend and remand with a more jaundiced eye than it would a straight out motion to remand. If filed after removal to a federal court, "when an amendment to the complaint would destroy diversity jurisdiction, a district court has the authority to deny the plaintiff's right to amend."[10] Professor Wright tells us that: "Once a case has been removed . . . a pleading amendment that has the effect of ousting the federal court of its subject matter jurisdiction normally will not be permitted."[11]

It appears that Plaintiff could not maintain a cause of action against these Defendants under Alabama law.[12] In view of *In re Rezulin*, one would think Plaintiff's Motions to Amend are bottomed upon the primary (if not sole) notion of defeating federal diversity jurisdiction. Therefore, Plaintiff's Motions to Amend are DENIED.

---

[8]*See id.* at 886.

[9]Fed. R. Civ. Pro. 15(a).

[10]*Beverls v. American States Ins. Co.*, 100 F. Supp.2d 1309, 1312 (M.D. Ala. 2000). *See also*

[11]14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *FEDERAL PRACTICE AND PROCEDURE* § 3738 (3d 1998).

[12]*See In re Rezulin Products Liability Litigation*, 133 F. Supp.2d 272, 286-288 (S.D.N.Y 2001).

## CONCLUSION

I sympathize with the desire of Plaintiff and Plaintiff's counsel to return to their native soil; but, during oral argument, Plaintiff's counsel was unable to furnish me with any sufficient reason to believe that Plaintiff will be significantly prejudiced by remaining in the Eastern District of Arkansas.

Based on the findings of fact and conclusions of law made during oral arguments, in the motions, and in this Order, Plaintiff's Motions for Leave to Amend Complaint (Doc. Nos. 3 and 4) and Motion to Remand (Doc. No. 5) are DENIED. Defendant Pfizer, Inc's Motion to Stay (Doc. No. 6) is DENIED as MOOT.

IT IS SO ORDERED this 27th day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE
WM. R. WILSON, JR.

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 6/27/05 BY _____