IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BARBARA D. GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO.3:05cv624-A |
| ) | |
| WYETH d/b/a WYETH, INC. et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This cause is before the court on Plaintiff's Motion to Remand (Doc. #4) and on two Motions for Expedited Hearing (Doc. #5, 14). The case was removed on the basis of diversity jurisdiction, on the theory that the non-diverse defendants have been fraudulently joined.

A multi-district litigation court ("MDL Court") has been established to handle hormone therapy products liability cases (In re PremPro Products Liability Litigation), of which the instant case is one. This court has been presented with two opinions in which the MDL Court addresses the issue of fraudulent joinder in cases transferred to it from federal district courts in Texas and in Alabama.

In the opinion of the MDL Court ruling on a motion to amend which was filed by the plaintiffs in the case transferred from Alabama, the MDL Court denied a motion to amend the complaint to add sales representatives, noting that it did not appear, under the motion to amend standard, that the plaintiffs could maintain their claims under Alabama law. See In re PremPro Products Liability Litigation, M.D.L. Docket No. 4:03cv1507-WRW, 4:05cv462 (E.D. Ark. June 27, 2005).

The Plaintiff points out that in the case transferred from Texas, the MDL Court remarked

1

as follows:

> Having been in the position of both an MDL court in this case and a transferor court in other cases, I believe that the issue of remand is better addressed by the transferor court. I address the issue of remand in this case only because the case had already been transferred to the MDL court.

<u>In re PremPro Products Liability Litigation</u>, M.D.L. Docket No. 4:03cv1507-WRW, 4:04cv308, Slip Op. at page 2 n. 6 (E.D. Ark. Aug. 2, 2004). This statement is not a directive that motions to remand be decided by the transferor court, however. In fact, in standard letters sent by the Chairman of the Judicial Panel on Multi-district Litigation ("MDL Panel") to this court in this and other cases, the court has been advised that while this court is free to rule on a motion to remand after the issuance of a conditional transfer order, it may be especially appropriate to wait until the MDL Panel has decided the transfer issue before ruling on such a motion, where the motion to remand raises questions likely to arise in other actions in the transferee court so that, in the interest of uniformity, the issue might best be decided there.

Based on the record before it, this court concludes that there is a similarity in issues involved in remand motions in this case and in other cases filed in other courts in this state and other states, i.e., whether sales representatives and others have been fraudulently joined to avoid federal jurisdiction. This court recognizes its authority to consider and rule on a motion to remand at any time before a final transfer, but finds it to be more appropriate to await a final determination by the MDL Panel in regard to transfer.[1] A transfer to the MDL Court does not result in a denial of a motion to remand; it simply leaves the motion for determination by the transferee court. Because of the similarity of these issues nationally, and in the interests of

---

[1] Although a conditional transfer order has been entered in this case, the Plaintiff filed an objection.

uniformity and judicial economy, this court finds that the pending remand motion is best left for consideration and determination by the judge who is considering the same issues on a nationwide basis, in the event the case is ordered transferred. Therefore, this court will defer ruling on the motion to remand until the MDL Panel decides whether this case will be transferred to the MDL Court. Accordingly, it is

ORDERED that the Plaintiff's Motions for Expedited Hearing are DENIED. This case is held in abeyance pending determination by the MDL Panel as to whether the case will be finally transferred to the MDL Court.

Done this 16th day of August, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE