IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BARBARA D. GRAHAM; | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 2:05-cv-624A |
| | * | |
| WYETH d/b/a WYETH, INC.; WYETH | * | |
| PHARMACEUTICALS, INC.; QUALITEST | * | |
| PHARMACEUTICALS, INC.; BILL BLOUNT; | * | |
| WALTER WILLIAMS, III; JENNIFER | * | |
| ANDREWS; CHARLES H. PAYNE; BILL | * | |
| RICHARDS, et al., | * | |
| | * | |
| Defendants. | * | |

## SUPPLEMENT TO PLAINTIFF'S MOTION TO REMAND

Plaintiff comes to supplement her Motion to Remand that is currently pending before this Court. As Plaintiff has previously stated, diversity jurisdiction is not present in this action because Plaintiff has stated valid claims against both the resident and non-resident Defendants and there is a possibility that Plaintiff can establish a cause of action against the non-resident Defendants. In support of this contention, and in addition to the law and arguments that Plaintiff previously provided in her Motion to Remand and Reply Brief in Support of Motion to Remand, Plaintiff now supplements her Motion to Remand with new law that has recently been decided in Alabama.

Most recently, Judge Mark E. Fuller, Chief United States District Judge for the United States District Court for the Middle District of Alabama, Northern Division, granted remand in a case very similar to this. *Earl Lee Faulk v. Smithkline Beecham Corp., et al.*, No. 2:05CV00085

(M.D. Ala. Sept. 7, 2005) (Attached as Exhibit A).  In that case, an Alabama plaintiff filed suit in the Circuit Court of Barbour County, Alabama against a non-resident drug manufacturer and resident sales representatives.  The plaintiff asserted strict liability, negligence, wantonness, breach of express warranty, breach of implied warranty, fraudulent suppression, failure to warn, and fraud claims against all defendants.  Compl., *Earl Lee Faulk v. Smithkline Beecham Corp., et al.*, (Dec. 28, 2004) (Attached as Exhibit B).  The defendants removed the action to federal court, claiming fraudulent joinder of the sales representative defendants.  Notice of Removal at 6, *Earl Lee Faulk v. Smithkline Beecham Corp., et al.* (Feb. 3, 2005) (Attached as Exhibit C).  Defendants argued that there was no "reasonable legal basis for Plaintiff's claims against the Sales Representative Defendants."  *Id.* at 8.  In remanding the case back to state court, Judge Fuller stated that "a motion to remand should be denied only if the court is convinced that there is 'no possibility that the plaintiff can establish *any* cause of action against the resident defendant.'"  *Earl Lee Faulk v. Smithkline Beecham Corp., et al.*, No. 2:05CV00085, slip op. at 4 (M.D. Ala. Sept. 7, 2005) (quoting *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (emphasis in original)).  Ultimately, Judge Fuller found that there was a possibility that the Plaintiff could establish "at least one of his causes of action against at least one of the resident [sales representative] defendants."  *Earl Lee Faulk*, slip op. at 4.

In addition, United States District Judge Myron H. Thompson also recently granted remand in another case that is analogous to the present case.  *Rosie Ware v. Pfizer, Inc., et al.*, 2:05CV00659 (M.D. Ala. Aug. 26, 2005) (Attached as Exhibit D).  In that case, an Alabama plaintiff filed suit in the Circuit Court of Barbour County, Alabama against various non-resident defendants and a resident sales representative defendant.  The plaintiff asserted negligence, strict liability for defective design, breach of express warranty, breach of implied warranty, fraud, and

negligent misrepresentation claims against all defendants. Compl., *Rosie Ware v. Pfizer, Inc., et al.*, (June 14, 2005) (Attached as Exhibit E). Defendants then removed the action to federal court claiming that the resident sales representative defendant had been fraudulently joined. Notice of Removal at 4, *Rosie Ware v. Pfizer, Inc., et al.*, (July 15, 2005) (Attached as Exhibit F). Defendants argued that plaintiff could not prevail on any of the claims against the sales representative, thus rendering the joinder of the resident sales representative defendant fraudulent. *Id.* at 6. However, Judge Thompson didn't agree with the defendants' position and remanded the case to the Circuit Court of Barbour County, Alabama. Judge Thompson stated that there was neither "fraudulent joinder nor fraudulent misjoinder" of the resident sales representative defendant in that case. *Rosie Ware v. Pfizer, Inc., et al.,* 2:05CV00659, slip op. at 1(M.D. Ala. Aug. 26, 2005) (citations omitted).

This case is very similar to the *Faulk* and *Ware* cases. Plaintiff, an Alabama resident, has filed suit against non-resident corporations, a resident corporation, and resident sales representatives. As Plaintiff has previously argued, complete diversity is lacking in this case. Furthermore, Plaintiff has stated valid claims against all Defendants, including negligence, strict liability, breach of express warranty, breach of implied warranty, misrepresentation, and fraud. As shown above by the recent decisions in the *Faulk* and *Ware* cases, there is a possibility that Plaintiff can establish a cause of action against the resident Sales Representative Defendants for these same claims. Since there is a possibility that Plaintiff can establish a cause of action against the resident Sales Representative Defendants, this case should be remanded to the Circuit Court of Bullock County, Alabama.

## CONCLUSION

For the reasons outlined above and set forth in Plaintiff's Motion to Remand and Reply Brief in Support of Motion to Remand, this Court lacks subject matter jurisdiction. Therefore, Plaintiff respectfully urges this Court to remand this action in its entirety to the Circuit Court of Bullock County, Alabama.

        /s/ Melissa A. Prickett
        Jere L. Beasley
        Andy D. Birchfield, Jr.
        Ted G. Meadows
        P. Leigh O'Dell
        Melissa A. Prickett
        Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 223-1236

**CERTIFICATE OF SERVICE**

 I hereby certify that I have served a copy of the foregoing document upon the parties <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 9th day of September, 2005.

**Attorneys for Defendants Wyeth, Inc.**
**and Wyeth Pharmaceuticals, Inc.:**
Lee H. Copeland
Mithcell H. Boles
J. David Martin
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama  36101

**Attorney for Defendant Qualitest Pharmaceuticals Inc.:**
Emily Sides Bonds
Walston, Wells, Anderson & Bains, LLP
Post Office Box 830642
Birmingham, AL 35283

**Attorney for Defendant Charles Payne:**
Donald R. Jones, Jr.
2000 Interstate Park Drive
Montgomery, AL 36109

Bill Blount
c/o Wyeth, Inc.
Five Giralda Farms
Madison, New Jersey 07940

Walter Williams, III
c/o Wyeth, Inc.
Five Giralda Farms
Madison, New Jersey 07940

Jennifer Andrews
c/o Wyeth, Inc.
Five Giralda Farms
Madison, New Jersey 07940

Bill Richards
c/o Wyeth, Inc.
Five Giralda Farms
Madison, New Jersey 07940

            /s/  Melissa A. Prickett
            Of Counsel