**EXHIBIT B**

IN THE CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA

| | |
|---|---|
| EARL LEE FAULK, as Administrator of the estate of MARCUS EARL FAULK, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>GLAXOSMITHKLINE PLC; SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE; and RICK LETNER, Sales Representative, LEO M. BULLOCK, IV Sales Representative, and CYNTHIA S. ROBINSON, Division Sales Manager; and FICTITIOUS DEFENDANTS A, B,C & D, being those persons, sales representative, firms or corporations whose fraud, scheme to defraud, negligence and/or other wrongful conduct caused or contributed to the Plaintiff's injuries, and whose true names and identities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained,<br><br>        Defendants. | CIVIL ACTION NO. _____<br><br><br><br><br>JURY TRIAL DEMANDED<br><br><br>FILED<br>DEC 2 8 2004<br>DAVID S. NIX, CLERK<br>BARBOUR COUNTY, ALABAMA |

## COMPLAINT

Plaintiff Earl Lee Faulk, as Administrator of the Estate of Marcus Earl Faulk, Deceased, complains as follows:

### STATEMENT OF FACTS

1. The plaintiff, Earl Lee Faulk (hereafter referred to as "Plaintiff"), is the Administrator of the Estate of Marcus Earl Faulk (hereafter referred to as "Marcus

Faulk"), a resident of the State of Alabama and Barbour County, and is over the age of 19 years.

2.   This is a civil action brought by Earl Faulk, as Administrator of the Estate of Marcus Faulk. Marcus Faulk died on January 7, 2003 as a direct and proximate result of taking Serevent (Salmeterol) and Advair (fluticasone propionate).

3.   Defendant, SMITHKLINE BEECHAM CORPORATION is a Pennsylvania corporation, with its principle place of business located at One Franklin Plaza, 200 N. 16th Street, Philadelphia, Pennsylvania. SmithKline Beecham Corporation is now a wholly-owned subsidiary of GlaxoSmithKline, PLC and also conducts pharmaceutical research and development in the United States under the corporate fictitious name GlaxoSmithKline. SmithKline Beecham Corporation does business in Alabama and, on information and belief, at all times relevant, manufactured, advertised, marketed, promoted, sold and distributed Serevent (Salmeterol) and Advair (fluticasone propionate) in Alabama.

4.   Defendant, GLAXOSMITHKLINE, PLC is a British corporation headquartered at Glaxo Welcome House, Berkeley Avenue, Greenford, Middlesex, England. GlaxoSmithKline, PLC has its principal place of business in the United States at One Franklin Plaza, 200 N. 16th Street, Philadelphia, Pennsylvania. In December, 2000, GlaxoSmithKline, PLC acquired Glaxo Welcome, PLC and SmithKline Beecham, PLC, both British public limited companies. At all relevant times, GlaxoSmithKline was the holding company of SmithKline Beecham Corporation d/b/a GlaxoSmithKline, which was engaged in the business of marketing and distributing Serevent (Salmeterol) and Advair (fluticasone propionate) in Alabama. At all times relevant herein,

GlaxoSmithKline was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals and other products, including Serevent (Salmeterol) and Advair (fluticasone propionate) in Alabama.

5.  Hereinafter GlaxoSmithKline, PLC, SmithKline Beecham Corporation d/b/a GlaxoSmithKline and SmithKline Beecham Corporation will be referred to collectively as "GlaxoSmithKline," unless otherwise specified.

6.  On information and belief, and at all times relevant hereto, GlaxoSmithKline was in the business of designing, testing, labeling, advertise, promoting, manufacturing, marketing, selling and distributing the pharmaceuticals Serevent (Salmeterol) and Advair (fluticasone propionate) in interstate commerce and in the State of Alabama.

7.  Defendant Rick Letner (hereinafter referred to as "Letner"), whose address is 2625 Aimee Drive, Montgomery, Alabama 36106, at all times relevant hereto, was a sales representative of GlaxoSmithKline. Defendant Letner, upon information and belief, is a resident of the State of Alabama. At all times relevant hereto, Defendant Letner was in the business of marketing, selling and distributing the pharmaceuticals Serevent and Advair.

8.  Defendant Leo M. Bullock, IV, (hereinafter referred to as "Bullock"), whose address is 112 Foxworth Court, Dothan, Alabama 36305, at all times relevant hereto, was a sales representative of GlaxoSmithKline. Defendant Bullock, upon information and belief, is a resident of the State of Alabama. At all times relevant hereto,

Defendant Bullock was in the business of marketing, selling and distributing the pharmaceuticals Serevent and Advair.

9. Defendant Cynthia S. Robinson (hereinafter referred to as "Robinson"), whose address is 101 Horseshoe Circle, Alabaster, Alabama 35007, at all times relevant hereto, was a Division Sales Manager of GlaxoSmithKline. Defendant Cynthia S. Robinson, upon information and belief, is a resident of the State of Alabama. At all times relevant hereto, Defendant Robinson was in the business of marketing, selling and distributing the pharmaceuticals Serevent and Advair.

10. Defendants GlaxoSmithKline, Letner, Bullock and Robinson are hereinafter referred to as "Defendants."

11. Fictitious Defendants A, B, C & D are those persons, sales managers, sales representatives, firms, or corporations whose fraud, scheme to defraud, negligence and/or other wrongful conduct caused or contributed to the injuries and the wrongful death of Marcus Faulk. Their true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

12. The Plaintiff's claim accrued in whole or in part in Barbour County, Marcus Faulk resided in Barbour County at the time of his death, and the Plaintiff resides in Barbour County. Some of these Defendants are foreign corporations which have been and are currently engaged in business, directly or by authorized agent, in Barbour County. Venue and jurisdiction is therefore proper. The claims of the Plaintiff herein satisfy the jurisdictional amount of this Circuit Court.

13. Serevent (Salmeterol) is a prescription drug used to treat asthma. Defendants did manufacture, design, package, market and distribute this drug.

Defendants encouraged the use of the drug by improper customers, misrepresented the effectiveness of the drug and concealed dangerous side effects. These Defendants did this to increase sales.

14. Advair (fluticasone propionate) is a prescription drug used to treat asthma. Defendants did manufacture, design, package, market and distribute this drug. Defendants encouraged the use of the drug by improper customers, misrepresented the effectiveness of the drug and concealed dangerous side effects. These Defendants did this to increase sales.

15. At all times relevant hereto, Defendants actually knew of the defective nature of their products as herein set forth, and continued to design, manufacture, market, distribute and sell these products so as to maximize sales and profits at the expense of the public's health and safety, in conscious disregard of the foreseeable harm caused by these products. Defendants' conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence, or willful and intentional disregard of the individual rights of Marcus Faulk.

## COUNT I
## STRICT LIABILITY

16. The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

17. The pharmaceuticals Serevent (Salmeterol) and Advair (fluticasone propionate), as designed, manufactured, sold and/or supplied by these Defendants, were placed into the stream of commerce by these Defendants in a defective and unreasonably

dangerous condition as designed, taking into consideration the utility of the products and the risk involved in their use.

18. Further, the pharmaceuticals Serevent (Salmeterol) and Advair (fluticasone propionate), as designed, manufactured, distributed, sold and/or supplied by these Defendants, were defective in marketing due to inadequate warnings or instructions.

19. The pharmaceuticals Serevent (Salmeterol) and Advair (fluticasone propionate), as designed, manufactured, distributed, sold and/or supplied by these Defendants, were defective due to inadequate testing.

20. In the alternative, these Defendants failed to provide timely and adequate post-marketing warnings or instructions after the manufacturer knew of the risk of injury from Serevent (Salmeterol) and Advair (fluticasone propionate).

21. As a direct and proximate result of Defendants' conduct in designing, manufacturing, distributing, selling and/or supplying a defective and unreasonably dangerous products, inadequately testing such products, and failing to provide timely and adequate warnings, Defendants caused or contributed to cause the death of Marcus Faulk.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants jointly and severally for such punitive damages as a jury may determined to be appropriate and necessary, in excess of the jurisdictional requirements of this Court, for the wrongful death of Marcus Faulk, plus costs.

## COUNT II

## NEGLIGENCE & WANTONNESS

22. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

23. Defendants had a duty to exercise reasonable care in the design, manufacture, marketing, sale, testing and/or distribution of Serevent (Salmeterol) and Advair (fluticasone propionate) into the stream of commerce. These Defendants failed to exercise ordinary care in the design manufacture, marketing, sale, testing and/or distribution of Serevent (Salmeterol) and Advair (fluticasone propionate) into the stream of commerce. Defendants knew or should have known that the products Serevent (Salmeterol) and Advair (fluticasone propionate) created an unreasonable risk of bodily harm.

24. Despite the fact that Defendants knew or should have known that Serevent (Salmeterol) and Advair (fluticasone propionate) caused unreasonable, dangerous side effects which many users would be unable to remedy by any means, Defendants continued to market Serevent (Salmeterol) and Advair (fluticasone propionate) to consumers, including Marcus Faulk, when there were safer alternative methods of treatment.

25. Defendants knew or should have known that consumers, such as Marcus Faulk, would foreseeably suffer injury or death as a result of Defendants' failure to exercise ordinary care as described above.

26. As a direct and proximate result of Defendants' negligent, grossly negligent, wanton, reckless, malicious and/or intentional conduct, Defendants caused or contributed to cause the death of Marcus Faulk.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants jointly and severally for such punitive damages as a jury may determined to be appropriate and necessary, in excess of the jurisdictional requirements of this Court, for the wrongful death of Marcus Faulk, plus costs.

## COUNT III

## EXPRESS WARRANTY

27. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

28. Defendants expressly warranted that Serevent (Salmeterol) and Advair (fluticasone propionate) were safe, including for users such as Marcus Faulk.

29. Serevent (Salmeterol) and Advair (fluticasone propionate) do not conform to these express representations because Serevent (Salmeterol) and Advair (fluticasone propionate) are not safe and have high levels of serious side effects, including life-threatening side effects.

30. In breaching their express warranty, Defendants directly and proximately caused or contributed to cause the death of Marcus Faulk.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants jointly and severally for such punitive damages as a jury may determined to be appropriate and necessary, in excess of the jurisdictional requirements of this Court, for the wrongful death of Marcus Faulk, plus costs.

## COUNT IV

## IMPLIED WARRANTY

31. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

32. At the time Defendants marketed, sold and distributed Serevent (Salometerol) and Advair (fluticasone propionate) for use by Marcus Faulk, Defendants knew of the uses for which Serevent (Salmeterol) and Advair (fluticasone propionate) were intended and impliedly warranted the products to be of merchantable quality and safe and fit for such uses, including for users such as Marcus Faulk.

33. Marcus Faulk reasonably relied upon the skill and judgment of Defendants as to whether Serevent (Salmeterol) and Advair (fluticasone propionate) were of merchantable quality and safe and fit for their intended uses.

34. Contrary to such implied warranty, Serevent (Salmeterol) and Advair (fluticasone propionate) were not of merchantable quality or safe or fit for there intended use, because the products were and are unreasonably dangerous and unfit for the ordinary purposes for which they were used as described above.

35. In breaching their implied warranty, Defendants directly and proximately caused or contributed to cause the death of Marcus Faulk.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants jointly and severally for such punitive damages as a jury may determined to be appropriate and necessary, in excess of the jurisdictional requirements of this Court, for the wrongful death of Marcus Faulk, plus costs.

## COUNT V

## FRAUDULENT SUPPRESSION

36. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

37. Before Marcus Faulk first used Serevent (Salmeterol) and Advair (fluticasone propionate) and during the period in which he used these pharmaceuticals, Defendants fraudulently suppressed material information regarding the safety of Serevent (Salmeterol) and Advair (fluticasone propionate), including information regarding increased adverse events in African Americans, and their harmful side effects in order to induce consumers, including Marcus Faulk, to purchase and/or use these pharmaceuticals.

38. At the time Defendants suppressed the fact that Serevent (Salmeterol) and Advair (fluticasone propionate) were not safe, Defendants were under a duty to communicate this information to Marcus Faulk and other consumers.

39. As a direct and proximate result of Defendants' malicious and/or intentional conduct, Defendants caused or contributed to cause the death of Marcus Faulk.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants jointly and severally for such punitive damages as a jury may determined to be appropriate and necessary, in excess of the jurisdictional requirements of this Court, for the wrongful death of Marcus Faulk, plus costs.

## **COUNT VI**

## **FAILURE TO WARN**

40. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

41. Before Marcus Faulk used Serevent (Salmeterol) and Advair (fluticasone propionate) and during the period in which Marcus Faulk used these pharmaceuticals, Defendants knew or had reason to know Serevent (Salmeterol) and Advair (fluticasone propionate) were dangerous and created an unreasonable risk of bodily harm to consumers, including increased risks in African Americans.

42. Defendants had a duty to exercise reasonable care to warn end users of the dangerous conditions or of the facts which make the products likely to be dangerous to consumers, including increased risks in African Americans.

43. Despite the fact that Defendants knew or had reason to know that Serevent (Salmeterol) and Advair (fluticasone propionate) were dangerous, Defendants failed to exercise reasonable care in warning end users, including Marcus Faulk, of the dangerous conditions and facts which made these pharmaceuticals likely to be dangerous.

44. As a direct and proximate result of Defendants' wrongful conduct, Defendants caused or contributed to cause the death of Marcus Faulk.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants jointly and severally for such punitive damages as a jury may determined to be appropriate and necessary, in excess of the jurisdictional requirements of this Court, for the wrongful death of Marcus Faulk, plus costs.

## COUNT VII

## FRAUD

45. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

46. Before Marcus Faulk used Serevent (Salmeterol) and Advair (fluticasone propionate) and during the period in which Marcus Faulk used Serevent (Salmeterol) and Advair (fluticasone propionate), Defendants made material misrepresentations that Serevent (Salmeterol) and Advair (fluticasone propionate) were safe. Defendants did so with the intent to induce consumers, including Marcus Faulk, to buy and use these pharmaceuticals.

47. At the time Defendants made these representations, Defendants were aware of the falsity of these representations and/or made these representations with reckless disregard to their truth. Defendants made these representations with the intent to mislead.

48. As a direct and proximate result of Defendants' wrongful conduct, Defendants caused or contributed to cause the death of Marcus Faulk.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants jointly and severally for such punitive damages as a jury may determined to be appropriate and necessary, in excess of the jurisdictional requirements of this Court, for the wrongful death of Marcus Faulk, plus costs.

Respectfully submitted this the 28th day of December, 2004.

_/s/ Jere L. Beasley_
Jere L. Beasley (BEA020)

_/s/ Andy D. Birchfield, Jr._
Andy D. Birchfield, Jr. (BIR006)

_/s/ Wesley Chadwick Cook_
Wesley Chadwick Cook (COO079)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

### JURY DEMAND

Plaintiff respectfully demands trial by jury on all counts in this cause.

_/s/ Jere L. Beasley_
OF COUNSEL