IN THE UNITED STATES DISTRICT COURT OF
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| EARL LEE FAULK, as Administrator of the estate of MARCUS EARL FAULK, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>GLAXOSMITHKLINE PLC; SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE; and RICK LETNER, Sales Representative, LEO M. BULLOCK, IV Sales Representative, and CYNTHIA S. ROBINSON, Division Sales Manager; and FICTITIOUS DEFENDANTS A, B, C & D, being those persons, sales representative, firms or corporations whose fraud, scheme to defraud, negligence and/or other wrongful conduct caused or contributed to the Plaintiff's injuries, and whose true names and identities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained,<br><br>Defendants. | Case No.:_____<br><br>FEB - 3 2005 |

## NOTICE OF REMOVAL

COMES NOW defendant SmithKline Beecham Corporation (d/b/a GlaxoSmithKline) ("defendant GSK"), by and through its counsel and, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files its Notice of Removal of this cause from the Circuit Court of Barbour County, Alabama to the United States District Court for the Middle District of Alabama. Pursuant to 28 U.S.C. § 1446(a), defendant GSK has set forth below a short and plain statement of the grounds for removal.

### INTRODUCTION

1.  Plaintiff Earl Lee Faulk, as Administrator of the estate of Marcus Earl Faulk, Deceased ("plaintiff") filed this product liability action against defendant GSK in the

Circuit Court of Barbour County, Alabama on or about December 28, 2004, alleging that Marcus Faulk's death was caused by the use of the prescription drugs Serevent® and Advair®, both of which are manufactured by defendant GSK. The above-referenced action is styled as *Earl Lee Faulk, as Administrator of the estate of Marcus Earl Faulk, Deceased v. GlaxoSmithKline plc, et al.*, No.: CV-2005-01. In this action, plaintiff alleges that Marcus Faulk's death was caused by the use of the prescription drugs Serevent® and Advair®, both of which are manufactured by defendant GSK. Pursuant to 28 U.S.C § 1446(a) and Local Rule 81.1, defendant GSK has attached hereto as Exhibit A copies of all process, pleadings, and orders filed in state court.

2. Plaintiff has named the following as defendants: (1) GlaxoSmithKline plc[1]; (2) SmithKline Beecham Corporation d/b/a GlaxoSmithKline; (3) Cynthia S. Robinson; (4) Rick Letner; (5) Leo M. Bullock, IV; and (6) Fictitious Defendants A, B, C, & D.

### NOTICE OF REMOVAL IS TIMELY

3. Upon information and belief, plaintiff filed this action on or about December 28, 2004, in the Circuit Court of Barbour County, Alabama. Defendant GSK was served with a Summons and a copy of plaintiff's Complaint on January 4, 2005.[2] The Complaint was the initial pleading received by defendant GSK setting forth the claims for relief upon which this action is based. Defendant GSK is filing its Notice of Removal within 30 days of receipt of

---

[1] Defendant GlaxoSmithKline plc has not been properly served in this action. Even if GlaxoSmithKline plc had been properly served, its presence does not destroy this Court's diversity jurisdiction. Furthermore, although GlaxoSmithKline plc's consent is not required because it has not been properly served, GlaxoSmithKline plc nonetheless consents to this removal. Undersigned counsel is appearing for GlaxoSmithKline plc for the limited purpose of this removal and does not hereby waive any rights, defenses or objections, including those related to service of process and jurisdiction which GlaxoSmithKline plc might assert. *See* ¶ 15, *infra*.

[2] Upon information and belief, Leo Bullock was served with a Summons and a copy of plaintiff's Complaint on January 4, 2005, Cynthia Robinson was served with a Summons and a copy of plaintiff's Complaint on January 5, 2005, and Rick Letner was served with

the initial pleading setting forth the claim for relief upon which this action is based. Therefore, defendant GSK's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## THIS CIVIL ACTION IS REMOVABLE

4. This action is removable pursuant to 28 U.S.C. § 1441(a) because it is a civil action of which this Court has original jurisdiction and because defendant GSK is removing this action to the District Court of the United States for the district and division embracing the place where the action is pending.

5. The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because complete diversity of citizenship exists between plaintiff and defendant GSK, the only properly joined defendant.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

6. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In his Complaint, plaintiff seeks punitive damages and claims that Marcus Faulk ("plaintiff's decedent") died in January 2003 as a result of having used Serevent® and Advair®. (Plaintiff's Complaint at ¶¶ 2, 21, Ex. A). Defendant GSK denies the allegations.

7. Plaintiff seeks to recover damages in this case for the alleged death of plaintiff's decedent. To that end, plaintiff has alleged seven counts against defendant GSK, including claims under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), as well as punitive damages. Plaintiff does not specify the amount of damages he is seeking.

8. When a plaintiff makes a demand for an unspecified amount of damages, a removing party need only show by a preponderance of the evidence that the amount in

---

a Summons and copy of plaintiff's Complaint on January 6, 2005. Upon information and belief, no defendant was served prior to the date on which defendant GSK was served.

3

controversy exceeds the jurisdictional amount. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996) *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). The removing party may do this by sufficient proof that a plaintiff's verdict may exceed that amount. *See Bolling v. Union Nat'l Life Ins. Co.*, 900 F.Supp. 400, 405 (M.D. Ala. 1995).

9.   In assessing whether the amount in controversy exceeds $75,000, federal district courts may look to decisions rendered in similar cases. *See Bolling*, 900 F.Supp. at 404. Additionally, as is the case here, punitive damages must be considered. *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

10.  Federal district courts in Alabama have consistently denied motions to remand in cases where plaintiffs have sought unspecified damages awards in their complaints. For instance, in *Davis v. The Franklin Life Ins. Co.*, 71 F. Supp. 2d 1197 (M.D. Ala. 1999), this Court held that the amount in controversy requirement had been met even where the plaintiff had not specified the amount of damages sought and where the defendant presented the court with multiple Alabama decisions in which comparable actions yielded verdicts greater than $75,000. *See also Williams v. Conseco, Inc.*, 57 F. Supp. 2d 1311 (S.D. Ala. 1999) (holding that, after independent inquiry by Court, amount in controversy had been met in case where plaintiff failed to state a specified amount of damages); *Bolling*, 900 F. Supp. 400 (concluding amount in controversy requirement met where defendant offered evidence that it is more likely than not that plaintiff's claims would exceed $75,000).

11.  Numerous wrongful death cases in Alabama make it clear that, if plaintiff prevails in this case, the damages awarded will more likely than not exceed $75,000. *See Lance, Inc. v. Ramanauskas*, 731 So.2d 1204 (Ala. 1999) ($4 million wrongful death verdict); *Tillis*

4

*Trucking Co. v. Moses*, 748 So.2d 874 (Ala. 1999) ($1.5 million wrongful death verdict); *Cherokee Electric Coop. v. Cochran*, 706 So. 2d 1188 (Ala. 1997) ($3 million wrongful death verdict); *Lemond Constr. Co. v. Wheeler*, 669 So.2d 855 (Ala. 1995) ($3.5 million wrongful death verdict); *Campbell v. Williams*, 638 So.2d 804 (Ala. 1994) ($4 million wrongful death verdict); *General Motors Corp. v. Johnston*, 592 So.2d 1054 (Ala. 1992) ($7.5 million verdict in wrongful death action brought pursuant to AEMLD); *Alabama Power Co. v. Turner*, 575 So.2d 551 (Ala. 1991) ($3.5 millions wrongful death verdict).

12.  As such, a preponderance of the evidence exists that – if plaintiff prevails - damages in the present action for wrongful death will more likely than not exceed $75,000.

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANT GSK – THE ONLY PROPERLY JOINED DEFENDANT**

13.  In his Complaint, plaintiff alleges that he resides in Barbour County, Alabama.[3] (Plaintiff's Complaint at ¶ 1, Ex. A). Upon information and belief, defendant GSK alleges that plaintiff is and was, at all times relevant to this action, a citizen of the State of Alabama.

14.  At the time plaintiff commenced this action in Alabama state court, and at the time of the filing of this Notice of Removal, defendant GSK was and is a corporation existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located in the Commonwealth of Pennsylvania.

15.  At the time plaintiff commenced this action in Alabama state court and at the time of filing this Notice of Removal, GlaxoSmithKline plc was and is a corporation incorporated under English law, with its principal place of business in the United Kingdom.

---

[3]  Upon information and belief, plaintiff's decedent was a citizen of Alabama at the time of his death for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(2).

16. The Complaint purports to state a claim against Cynthia S. Robinson, Rick Letner, and Leo M. Bullock, IV ("the Sales Representative Defendants"), whom plaintiff alleges are residents of the State of Alabama. (Plaintiff's Complaint at ¶¶ 7-9, Ex. A). Nevertheless, as shown below, even if the Sales Representative Defendants are citizens and residents of Alabama, their presence in this lawsuit does not defeat the Court's diversity jurisdiction because they have been fraudulently joined.

17. The Complaint also purports to state claims against unnamed, fictitious defendants identified as Fictitious Defendants A, B, C. & D. For removal purposes, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C § 1441(a).

## THE SALES REPRESENTATIVE DEFENDANTS HAVE BEEN FRAUDULENTLY JOINED IN THAT PLAINTIFF PURPORTS TO JOIN PARTIES AGAINST WHOM NO REASONABLE BASIS FOR RECOVERY EXISTS

18. There is complete diversity of citizenship because the purportedly nondiverse defendants, the Sales Representative Defendants, have been fraudulently joined.

19. Plaintiff alleges that the Sales Representative Defendants were "in the business of marketing, selling, and distributing the pharmaceuticals Serevent and Advair." (Plaintiff's Complaint at ¶¶ 7-9, Ex. A).

20. During the course of her employment with defendant GSK, Cynthia Robinson has never detailed Serevent® or Advair®, has never detailed any product to any physician in Barbour County, Alabama, and has never visited Barbour County, Alabama.

21. As a district sales manager for defendant GSK, Cynthia Robinson has never supervised any sales representative that detailed Serevent® or Advair® to any physician, and has never supervised any sales representative that detailed any product to any physician in Barbour County, Alabama.

22.  During the course of her employment with defendant GSK, Cynthia Robinson has never met and has never discussed the safety or efficacy of Advair® or Serevent® with plaintiff or plaintiff's decedent.

23.  During the course of his employment with defendant GSK, Rick Letner did not detail Serevent® or Advair® or any product of defendant GSK to any physician in Barbour County, Alabama.

24.  During the course of his employment with defendant GSK, Rick Letner never met and never discussed the safety or efficacy of Advair® or Serevent® with plaintiff or plaintiff's decedent.

25.  Upon information and belief, there is no basis in law or fact supporting an independent claim for liability against Leo Bullock in this case.

26.  Defendant GSK has detailed policies and procedures that define the scope and extent of sales representatives' communications with physicians. To the extent any GSK sales representative ever acts outside the scope of defendant GSK's policies and procedures, defendant GSK appropriately disciplines and reprimands the sales representative.

27.  Defendants can be properly joined in a case only if there is a "reasonable bases for predicting that the state law might impose liability [on them] on the facts involved." *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997). If that "reasonable basis" is not present, the joinder of the Sales Representative Defendants is fraudulent and will not preclude this Court's exercise of diversity jurisdiction. *See id.* at 1538, 1540; *see also Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)[4]; *Jones v. Triple Crown Serv. Co.*, 44 F.Supp.2d 1339, 1341-42 (M.D. Ala. 1999); *Thomas v. Jim Walter Homes, Inc.*, 918 F.Supp. 1498 (M.D. Ala.

---

[4]  In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the

1996). Under *Crowe*, plaintiff's joinder of the Sales Representative Defendants was fraudulent because there is no reasonable basis to predict that plaintiff can establish any cause of action against these defendants.

### A. There Is No Reasonable Legal Basis For Plaintiff's Claims Against The Sales Representative Defendants.

28.  Plaintiff fails to allege a reasonable legal basis for any claims against the Sales Representative Defendants. Plaintiff's claims under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD") (Count I) fail because the Sales Representative Defendants are not manufacturers, sellers or suppliers of Advair® or Serevent®, as required for liability under the AEMLD. *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272, 287-88 (S.D.N.Y. 2001) (applying Alabama law) (finding no reasonable basis for imposition of liability upon pharmaceutical representatives under AEMLD because they are not manufacturers, sellers or suppliers of the prescription drug they represent); s*ee also Spain v. Brown & Williamson Tobacco Corp.*, 230 F.3d 1300, 1308 (11th Cir. 2000) (plaintiff must prove that an injury was caused by one who sold a product in a defective condition that made the product unreasonable dangerous to the ultimate consumer in order to prevail on AEMLD claim) (citations omitted); *Devise v. Kenmore*, No. 03-J-943-S, slip op. at 5-6 (N.D. Ala. May 12, 2003) (attached) (department store employee not liable under the AEMLD because he is "clearly not a manufacturer, supplier or seller"); *Bowman v. Coleman Co., Inc.*, No. 96-0448-P-C, Slip. Op. at 8 (S.D. Ala. Sept. 3, 1996) (retail store manager is not a "seller;" neither the applicable case law nor the public policy objectives articulated by Alabama and other state courts can support the extension of the AEMLD to encompass [employees of the seller or supplier].") Accordingly, the Sales Representative Defendants cannot be liable to plaintiff under the AEMLD.

---

Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit

29. Plaintiff's negligence claims against the Sales Representative Defendants (Count II and Count VI) fail because Alabama law states that an employee may not be held liable for the negligence of his employer unless the employee personally participated in the alleged wrongful conduct of his employer. *See, e.g., Mills v. Wex-Tex Indus.*, 991 F.Supp. 1370, 1382 (M.D. Ala. 1997) (employee not individually liable absent allegation of personal participation in alleged tortious conduct). Plaintiff here fails to allege any specific participation by the Sales Representative Defendants in the alleged negligent conduct. Plaintiff's negligence claims against the Sales Representative Defendants also fail because the Sales Representative Defendants had no duty to warn plaintiff's decedent. *Stone v. Smith, Kline & French Labs*, 447 So.2d 1301 (Ala. 1984) (adopting the "learned intermediary doctrine" in Alabama). Under the "learned intermediary doctrine," a manufacturer's duty to warn is limited to an obligation to advise the prescribing physician of any potential dangers that may result from the use of its product. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1314 (11th Cir. 2000).

30. Likewise, Plaintiff's warranty claims (Counts III and IV) fail because the Sales Representative Defendants are not sellers of Serevent® or Advair®. *See* Ala. Code §§ 7-2-313(1) & 7-2-314(1) (both express and implied warranty claims refer to the creation of warranties by the "seller").

31. Finally, plaintiff's fraud claims (Counts V and VII) fail because plaintiff has made no effort to comply with the requirements of Federal Rule of Civil Procedure 9(b) and the equivalent Alabama Rule, Alabama Rule of Civil Procedure 9(b), both of which require that the circumstances of the fraud be pleaded with particularity. The pleading requirements are not satisfied if plaintiff "fail[s] to distinguish among defendants and specify their respective role in the alleged fraud[.]" *McAllister Towing & Transport Co. v. Thorn's Diesel Serv., Inc.*, 131

---

issued prior to October 1, 1981.

F.Supp. 2d 1296, 1302 (M.D. Ala. 2001). Additionally, plaintiff fails to plead the "time, place and the contents or substance of the false representation, the fact misrepresented, and the identification of what has been obtained" as required under both rules. Ala. R. Civ. P. 9(b) (Committee Comments on 1973 Adoption, subdivision (b)).

**B.     There Is No Reasonable Factual Basis For Plaintiff's Claims Against The Sales Representative Defendants.**

32.     In addition to the lack of any reasonable legal basis, plaintiff's Complaint fails to allege a reasonable factual basis for his claims against the Sales Representative Defendants. Plaintiff fails to allege that any of the Sales Representative Defendants ever had any contact with plaintiff's decedent's prescribing physician. *In re Rezulin Products Liability Litigation*, 133 F.Supp.2d at 286-87 (absence of any alleged connection between Alabama pharmaceutical sales representative and Alabama decedent evidence of fraudulent joinder and "fatal to all the claims against the sales representative" under Alabama law). In fact, instead of alleging facts specifying the Sales Representative Defendants' allegedly wrongful conduct, plaintiff directs allegations at "Defendants" collectively, including defendant GSK. Such collective allegations demonstrate that no reasonable basis for recovery exists against the Sales Representative Defendants. *See, e.g., Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (no reasonable basis for recovery against non-diverse employee where "plaintiff failed to tie these defendants to the underlying allegations of the complaint"); *Calloway v. Baker Furniture Co.*, No. CV 94-PT-2751-S, 1995 WL 912708, at *1 (N.D. Ala. Feb. 16, 1995) (court would not "endorse manipulation" of grouping in-state defendants with diverse defendants with mere conclusory allegations); *In re Rezulin Prods. Liab. Litig.*, 168 F.Supp.2d 136, 140-41 (S.D.N.Y. 2001) (pharmaceutical representatives fraudulently joined due to general collective allegations regarding "defendants"): *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d at 291

(same). The vague and unspecific allegations made against the Sales Representative Defendants are clearly insufficient to sustain a factual basis for plaintiff's claims.

33. Plaintiff cannot establish a legal or factual basis for his claims against the Sales Representative Defendants. These individuals were fraudulently joined in an attempt to avoid diversity jurisdiction. Such a sham joinder cannot deprive defendant GSK of its right to remove this case to Federal District Court pursuant to 28 U.S.C. § 1441(a) and (b) and 28 U.S.C. § 1446.

34. Pursuant to 28 U.S.C. § 1332, as set forth above, complete diversity of citizenship exists because plaintiff and defendant GSK, *i.e.,* the only properly joined defendant, are citizens of different states.

35. Pursuant to 28 U.S.C. § 1441(b), this action is removable because no party in interest properly joined and served as a defendant is a citizen of the State of Alabama, the state in which this action was brought.[5]

## REMOVAL TO THIS DISTRICT IS PROPER

36. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Middle District of Alabama is the appropriate court for filing a Notice of Removal from the Circuit Court of Barbour County, Alabama, where this action is pending.

---

[5] It is not necessary for defendant GSK to obtain the consent of the Sales Representative Defendants in order to remove the case because they were fraudulently joined by plaintiff. *See, e.g., Jernigan v. Ashland Oil* Inc., 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied,* 510 U.S. 868 (1993) (consent of fraudulently joined defendant not necessary); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties."); *Balazik v. County of Dauphin,* 44 F.3d 209, 213 n.4 (3d Cir. 1995) (unanimity rule "may be disregarded" when "defendant has been fraudulently joined"); *Polyplastics, Inc. v. Transconex, Inc.,* 713 F.2d 875, 877 (1st Cir. 1983) ("A party fraudulently joined to defeat removal need not join in a removal petition, and is disregarded in determining diversity of citizenship.")

37. Pursuant to 28 U.S.C. § 1446(d), defendant GSK shall give plaintiff, through his attorneys of record, written notice of the filing of this Notice of Removal, and defendant GSK shall file the written notice of the filing of this Notice of Removal with the Clerk of the Circuit Court of Barbour County, Alabama, attaching thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal as Exhibit A.

38. Defendant GSK reserves the right to take discovery and submit further evidence in Opposition to a Motion to Remand, if necessary.

WHEREFORE, PREMISES CONSIDERED, GSK prays that this Honorable Court will take cognizance and jurisdiction of this cause and make any and all orders necessary to affect the removal of this cause from the Circuit Court of Barbour County, Alabama.

Respectfully submitted,

HELMSING, LEACH, HERLONG,
NEWMAN, & ROUSE, P.C.

By: _____
JOSEPH P. H. BABINGTON (BAB004)
RUSSELL C. BUFFKIN (BUF008)
JASON R. WATKINS (WAT068)

Post Office Box 2767
Mobile, Alabama 36652
Telephone: (251) 432-5521
Facsimile: (251) 432-0633

ATTORNEYS FOR DEFENDANT
SMITHKLINE BEECHAM CORPORATION
(d/b/a GLAXOSMITHKLINE)

Of Counsel:
Madeleine M. McDonough (Mo. Bar #41027)
Steven M. Thomas (Mo. Bar # 44548)
Laurie A. Henry (Mo. Bar #51074)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served by U.S. Mail, postage prepaid, on the 1st day of February, 2005 addressed to:

Jere L. Beasley
Andy D. Birchfield
Wesley Chadwick Cook
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160

**Attorneys for Plaintiff**

/s/ J. Watkins
OF COUNSEL