**A CERTIFIED TRUE COPY**
DEC -2 2005

**RECEIVED**
DEC 13 2005
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
DEC -2 2005
FILED
CLERK'S OFFICE

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
DEC 07 2005
JAMES W. McCORMACK, CLERK
BY: _____ DEP CLER.

**DOCKET NO. 1507**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE PREMPRO PRODUCTS LIABILITY LITIGATION**

*Barbara D. Graham v. Wyeth, et al.*, M.D. Alabama, C.A. No. 2:05-624
*Antonia Fenner, et al. v. Wyeth, et al.*, E.D. Missouri, C.A. No. 4:05-1101
*Stephanie Toler, et al. v. Wyeth, et al.*, S.D. West Virginia, C.A. No. 2:05-547

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL**

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in one Middle District of Alabama action, one Eastern District of Missouri action, and one Southern District of West Virginia action. Movants ask the Panel to vacate its orders conditionally transferring their actions to the Eastern District of Arkansas for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge William R. Wilson, Jr. Responding defendants Wyeth and Wyeth Pharmaceuticals Inc. support transfer of the actions.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Arkansas, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Arkansas was a proper Section 1407 forum for actions brought by persons allegedly injured by Wyeth's Prempro, a hormone combination of estrogen and progestin used in the treatment of menopausal symptoms. *See In re Prempro Products Liability Litigation*, 254 F.Supp.2d 1366 (J.P.M.L. 2003).

The plaintiffs premise much of their opposition to transfer on their contention that federal jurisdiction is lacking in their actions. They urge the Panel not to order transfer before their motions to remand to state court are resolved in the Alabama, Missouri and West Virginia federal courts. Remand and other motions, if not resolved in a transferor court by the time of Section 1407 transfer, can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d

---

[*] Judge Motz took no part in the decision of this matter with respect to the Eastern District of Missouri *Fenner* action.

A TRUE COPY I CERTIFY
JAMES W. McCORMACK, CLERK
By _____ D.C.

SCANNED

-2-

1346, 1347-48 (J.P.M.L. 2001).

      Plaintiffs have also argued that their actions should not be transferred because i) the actions do not share sufficient questions of fact with the previously centralized MDL-1507 actions; and/or ii) transfer would be burdensome. Transfer under Section 1407, however, does not require a complete identity or even majority of common factual or legal issues as a prerequisite to transfer. Plaintiffs in all actions seek to recover compensatory and punitive damages for personal injuries that they, their spouses or their decedents allegedly suffered as a result of ingestion of Wyeth's and/or other drug companies' hormone replacement therapy drugs. Transfer under Section 1407 will thus permit the actions to proceed before a single transferee judge who is already familiar with the complex questions at issue in MDL-1507 and who can structure pretrial proceedings to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that will occur or has already occurred in other MDL-1507 actions. The transferee court remains free, of course, to formulate a pretrial program that allows discovery with respect to any non-common issues in any action to proceed concurrently with remaining discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

      IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Arkansas and, with the consent of that court, assigned to the Honorable William R. Wilson, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

                                                     FOR THE PANEL:

                                                     Wm. Terrell Hodges
                                                     Chairman